**WATSON et al. v. WISEHEART et al.**

No. 12458.

Court of Civil Appeals of Texas. Galveston.

April 30, 1953.

Rehearing Denied May 28, 1953.

De Lange, Hudspeth & Pitman, Albert J. De Lange, C. M. Hudspeth and Eugene J. Pitman, of Houston, for appellants.

Butler, Binion, Rice & Cook, Jack Binion and Malcolm R. Wilkey, of Houston, for appellees.

CODY, Justice.

This is an appeal from a temporary injunction restraining appellants from improving, using and occupying lots 6, 7, 8 and 9 in Block 1 of Bradford Place, an addition to the City of Houston, as a filling station, contrary to the provisions of restrictions which had allegedly been imposed thereon. The suit was instituted individually by eighteen owners of lots therein, as well as a class suit to represent all other lot owners. The addition is a small one, and we affix as an appendix hereto a copy of its plat, as dedicated by H. B. Williamson, in 1920, identified in the Statement of Facts as plaintiffs' exhibit No. 1.

The addition is located between a mile and mile and a half west of the Shamrock Hotel. It will be noted that the lots in question are adjacent to, and south of Bellaire Boulevard. The south boundary line of the corporate limits of the City of West University Place, at this point, lies immediately across Bellaire Boulevard from the addition, and the area of that city, so across from Bradford Place, is zoned for residences only. On the west, the addition is bounded by a deep drainage ditch which marks the boundary between the cities of Houston and Southside Place, which ditch has been constructed also so as to mark its south boundary. The east boundary of the addition is formed by Thomas Street, to the east of which is the church, parish house and school of St. Vincent de Paul. The nearest commercial building, on the other side of St. Vincent de Paul, east, toward the Shamrock Hotel, is distant a half mile, or more.

In late February, 1952, appellant Watson Oil Company, acting through one of the partners who composed it, orally leased from the husband of Mrs. Lucile A. Cal-

houn, acting as her agent, the lots in question and on March 1, 1952, began the preliminary work looking to the erection of a filling station thereon. The next day, which was Sunday, various lot owners in the addition warned appellants that the lots were restricted to residences. No contention is made that appellees stood by and permitted appellants to proceed with the work of improving the lots for use as a filling station, so as to have waived any right which they had. In their petition to prevent threatened violations of restrictions, appellees alleged that, by the provisions thereof, the lots in the addition could be used for residential purposes only, and that no business of any description could be carried on therein; that the restrictions should remain in force until January 1, 1970; and that the same should run in favor of the owners, their heirs and assigns, and that any person owning property which was subject to said restrictions should have the right to enforce the same.

The defendants below, appellants here, consisted of the members of the partnership composing the Watson Oil Company, and Mrs. Calhoun, and her husband. There is no contention made that the pleadings were insufficient to present the issues determined, interlocutorily, by the court. At this point it will be sufficient to state that appellees plead that all of the owners of lots in the addition executed a covenant which imposed the restrictions thereon, which appellees were seeking to enforce. The owner of most lots, when said covenant of 1939 was executed, was H. B. Williamson; he was the last of the owners to sign the instrument. And he alone acknowledged the execution thereof, which was on March 9, 1939, and the instrument was filed for record on March 13, 1939.

Thereafter, in 1940, lots 6, 7, 8 and 9 in block 1, which are the subject of controversy here, were deeded by H. B. Williamson and wife to Mrs. Calhoun, as her separate property. The deeds in question did not refer to the restrictions. At the time of the conveyance, and at the time the instrument of 1939 was executed lots 8 and 9, aforesaid, were the separate prop-

erty of Mrs. Williamson. Mrs. Williamson also owned two other lots in this addition as her separate property when she signed the instrument of 1939.

Appellants predicate their appeal upon five points, the first of which complains of the issuance of the temporary injunction "because no valid restrictions on Bradford Place were ever created or imposed."

 It is true that an easement is an interest in land. Settegast v. Foley Bros. Dry Goods Co., 114 Tex. 452, 270 S.W. 1014. But it was not necessary for Mrs. Williamson to acknowledge her execution of the instrument of 1939 in order to establish the restrictions therein provided for as binding on the four lots which she then owned as her separate property, inclusive of aforesaid lots 8 and 9, here involved. The execution by her was evidence from which the court was authorized, if indeed not compelled, to conclude that Mrs. Williamson intended thereby that her aforesaid lots should be subject to the restrictions contained in aforesaid instrument. It was held in Clements v. Taylor, Tex.Civ.App., 184 S.W.2d 485, 488, "* * * 'A mutual restrictive covenant between lot owners is binding although not signed by the owners of all lots in the territory covered *where it was the intention that the restriction should bind them all.*'" (Citing authority.) Quoting further from the case, "Even, therefore, if between the assignees of Paul Richardson and the assignees of the Ragsdale heirs the individual interest of Mrs. Ater [who represented both herself and the other Ragsdale heirs] was not bound because of the non-joinder of her husband the restrictions upon appellees' land are none the less enforceable because they are mutually binding upon them and the assignees of the Ragsdale heirs, other than Mrs. Ater." (Emphasis supplied.) Indeed, there was evidence that Mrs. Williamson actively represented to at least one purchaser that all lots in the addition were subject to the aforesaid restrictions. See also Wilson Co. v. Gordon, Tex.Civ.App., 224 S.W. 703, writ dismissed.

 Even if it is true, as asserted by appellants, that not every lot owner joined

in the execution of the instrument of 1939, the instrument is none the less binding on the lots of those who did. Clements v. Taylor, supra; Goodstein v. Huffman, Tex. Civ.App., 222 S.W.2d 259; Bethea v. Lockhart, Tex.Civ.App., 127 S.W.2d 1029. There was evidence which showed that a Mrs. Farish owned Lot 1, in Block 2, as her separate property, but that her husband signed the instrument, representing therein that he was the owner thereof. However, if we assume that Mrs. Farish was not thereby subjected to the restrictions in the instrument of 1939, it does not follow that said lot was not otherwise subjected to the restriction for residential use only. Indeed, appellees state, and appellants do not deny, that at a date prior to the time the property was conveyed to Mrs. Farish, said lot had been so subjected to the restriction requiring same to be used for residential purposes only, in prior deeds which were in her chain of title.

Also, the fact that some of the property in the addition had been subjected to the homestead character at and before the time the 1939 instrument was executed, did not require that the wife join her husband in executing same, and acknowledge same in the same manner as if she were making a conveyance thereof, in order to be subjected to the restrictions. The purpose of the instrument was to promote the homestead use of the property, and such homestead use was not thereby interfered with. Chicago, T. & M. C. Ry. Company v. Titterington, 84 Tex. 218, 19 S.W. 472. We agree with appellees' argument that competent evidence of the execution of the instrument of 1939 was offered by them, as specified at length in their brief, but deem it unnecessary to discuss such evidence in this opinion. We overrule appellants' first point.

We cannot hold that the evidence in this case compelled the court to find that the restrictions, limiting the lots in the addition to residences only, had been abandoned and waived by appellees and their predecessors in title. There was evidence which established that there was a real estate office on each of lots 3 and 5 of Block

1, and that a neon sign occupied the intervening lot 4. These lots are at the far end of the addition. In order to prove an abandonment of a general scheme or plan of development, it must be shown that such plan has been violated to such an extent as reasonably to lead to the conclusion that it had been in fact abandoned. Klein v. Palmer, Tex.Civ.App., 151 S.W.2d 652; Braswell v. Woods, Tex.Civ.App., 199 S.W.2d 253. Whether the evidence would support a contrary finding by a jury upon a trial on the merits is not before us on this interlocutory appeal.

We overrule appellants' remaining points. The fact that this is a class suit, and that there are three permanent violations by parties who are plaintiffs by representation does not compel the court to find that to grant the relief sought would be inequitable. The named plaintiffs were not shown to have been guilty of violations. Those who have been guilty of violations in aforesaid lots 2, 3 and 4, Block 1, in point of facts are against the restrictions for residences only. We have examined the evidence as to the three other suits involving enforcement of the restrictions in the addition, which were filed in the District Court of Harris County. Two of these suits were dismissed. The other suit did not involve enforcement of a restriction against the use of any property in the addition for business purposes. Certainly, it was not held in the suit that the restrictions had been cancelled or terminated. Said suits were neither res adjudicata, nor did they involve stare decisis, since the judgment was not appealed. Nor did the judgment work any estoppel by judgment. We cannot hold that the trial court abused his discretion in concluding from the evidence that the restrictions have not become null and void due to changed conditions in the neighborhood. Of course, the court's findings with respect to whether there are changed conditions, are binding only interlocutorily.

We are of the opinion that none of appellants' points present reversible error, and order the temporary injunction sustained pending trial upon the merits.

APPENDIX

H.B.Williamson,

State of Texas,

County of Harris.

 Be it known that I,H.B.Wil-
liamson, the owner of the prop-
erty shown on this map as "Brad-
ford Place", have caused the
same to be subdivided and here-
by dedicate to the use of the
public the streets thereon
shown.

 H.B.Williamson.

State of Texas,County of Harris.|Before me,the undersigned authority, on this day personally appeared H.B.Williamson,known to me to be the person whose name is subscribed to the foregoing instrument,and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office,this the 5th day of February,A.D.1920

 F.W.Witt,Notary Public, in and for Harris County,Texas,(Seal)

Filed for record Feb. 6, 1920 at 10;20 o'clock A.M.Recorded Feb. 10, 1920 at 9;00 o'clock A.M.

Albert Townsend Clerk County Court,Harris County,Texas.By B E Engle Deputy.

CLERK'S NOTES—ART. 4606

THE STATE OF TEXAS.

COUNTY OF HARRIS. I, W. D. Miller, Clerk County Court, in and for said County and State, do hereby certify that the above and foregoing is a true and correct Photostat Copy of _Deed_ Dated _Feb-5-1920_ _Bradford Place_ as the same appears on record in my office in Records of _Deeds_ Volume _445_ Page _2_ .

Given under my hand and seal of said Court, at office, at Houston, Texas this _1_ day of _May_ 195_3_

W. D. MILLER, Clerk
County Court, Harris County, Texas.
By _Stella M Cain_ Deputy.