■ The evidence is sufficient to sustain the conviction.

Appellant contends that the indictment charging her with taking "one camera" does not describe with sufficient certainty the type or kind of property alleged to have been taken, therefore it does not apprise her of the nature of the accusation against her.

■ We are of the opinion that the allegation as to the description of the property designated an object which is commonly known by that name and was sufficiently definite to apprise appellant of the nature of the charge against her. Art. 403, C.C.P.; Smith v. State, 131 Tex.Cr.R. 322, 98 S.W.2d 806; Young v. State, 139 Tex. Cr.R. 509, 141 S.W.2d 315.

By Informal Bill of Exception No. 1, appellant complains of the state asking its witness Montgomery "Are you acquainted with the general reputation of this defendant in the community in which she resides for being a law abiding, peaceable person," which question was not answered. The court sustained appellant's objection thereto and instructed the jury not to consider it for any purpose. Upon objection to the asking of the question, the court sustained same and again instructed the jury not to consider any reference to the question for any purpose.

■ Appellant did not testify and offered no evidence in her behalf. No issue being made in the testimony, the complained-of question not being answered and the court promptly instructing the jury not to consider same and the lowest penalty being assessed, we feel that under the record in this case an order of reversal is not authorized. Long v. State, 119 Tex.Cr.R. 270, 43 S.W.2d 932.

The judgment is affirmed.

Opinion approved by the court.

**Manuel RUDY et ux., Appellants,**

**v.**

**SOUTHAMPTON CIVIC CLUB et al., Appellees.**

**No. 3160.**

Court of Civil Appeals of Texas.

Waco.

Sept. 23, 1954.

Rehearing Denied Oct. 14, 1954.

De Lange, Hudspeth & Pitman, Houston, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, Chas. W. Bell, John V. Singleton, Jr., Houston, for appellees.

HALE, Justice.

Appellants, Manuel Rudy and wife, own a house and lot which they occupy as their homestead in Southampton Place Addition to the City of Houston. Each of the twenty-two. appellees is also a home owner .in the Addition. Prior to the institution of this suit appellants had erected on the rear part of their lot a garage apartment as a separate structure from their dwelling house and had rented the same to persons other than members of. their family. Appellees brought this action to enjoin appellants from using or permitting the use of their lot· for any purpose other than a single family dwelling, and particularly from using or permitting to be used the structure erected on the rear of their lot for the purpose of housing any person other than members of appellants' family, it being the contention of appellees that such use was prohibited by the following restriction which was applicable to all lots in the Addition, viz.: "No apartment house or duplex will be permitted in the Addition; the object of this provision being to prohibit multiple housing throughout the entire Addition."

Appellants answered the suit with numerous special exceptions, a general denial, by pleas of waiver, relinquishment and forfeiture of the restrictions relied upon by appellees, pleading also a change of conditions and an abandonment by appellees of the restrictions which they had pleaded.

The case was tried before a jury. Upon the conclusion of the evidence each of the parties duly presented to the trial court their respective motions for a peremptory instruction, but each motion was .overruled. Thereupon, the court submitted to the jury three special issues relating to appellants' pleaded defenses; inquiring of the jurors as to whether they ·found from a preponderance of the· evidence (1) "that at · the time the defendants, Manuel Rudy and

wife, Mrs. Manuel Rudy, first rented the garage apartment on the rear of their lot, the occupancy of rooms and apartments by persons other than by members of the family, as that term has been hereinbefore defined for you, of other owners of lots in Southampton Place Addition had become so prevalent as to constitute an abandonment of the restrictions by the property owners in said Addition"; (2) "that prior to the filing of this suit the character of Southampton Place Addition had changed from one in which rooms and apartments were not generally occupied by persons other than the members of the family, as that term has been hereinbefore defined for you, of the owners of lots in said Southampton Place Addition to one in which rooms and apartments were generally occupied by persons other than members of such families"; and (3) "that prior to the institution of this suit the plaintiffs and each of them had generally waived, as that term is hereinafter defined for you, the enforcement of the restrictions against the occupancy of rooms and apartments by persons other than members of the family, as that term has been hereinbefore defined for you, of the owners of lots in said Addition." The jury returned a negative answer to each of the special issues so submitted. The court then rendered judgment in favor of the appellees, granting them the injunctive relief which they sought against appellants, and hence this appeal.

Under the points upon which the appeal is predicated, appellants say in effect that the trial court erred to their prejudice by submitting their defenses of abandonment, change of conditions, and waiver in the manner and form in which they were submitted and in certain rulings with respect to the admissibility of evidence relating to such issues. On the other hand, appellees say the court did not err in any of the particulars of which complaint is made and that such error or errors, if any, are immaterial on this appeal because, under the undisputed evidence and stipulations, they were and are entitled as a matter of law to the relief sought and obtained by them in the court below.

The restrictions here relied upon by appellees were before the Galveston Court of Civil Appeals in the case of Pardo v. Southampton Civic Club, Tex.Civ.App., 239 S.W.2d 141 (er. ref.), 145. In that case the Court set forth in its opinion an extended résumé of the manner in which Southampton Place Addition was originally subdivided and placed on the market and the "Basic Restrictions" which were applicable to all lots in the Addition. The Court expressly held that the use of the lot there involved "must be limited to a single family residence" and we think the holding in that case is of controlling effect in its application to the voluminous evidence in the cause now before us.

Appellees established the existence of all the material facts alleged in their trial petition by stipulations and competent evidence that was without any dispute or contradiction. As we understand appellants' brief, they do not contend otherwise, their complaints on the appeal relating only to the manner and form in which the trial court submitted to the jury the defensive issues affirmatively pleaded by them and to the claimed errors of the court in ruling on the admissibility of evidence relevant to such issues. Hence, we must determine whether the evidence as a whole was of sufficient probative force to raise any of the defensive issues pleaded by appellants. If not, then there was no issue for the jury to determine, and consequently appellants could not have been prejudiced by the manner and form in which their pleaded defenses were submitted.

The record before us shows that the general plan and underlying purpose of the original subdivision of Southampton Place Addition in the year 1922, and the conditions under which it was placed on the market and sold to members of the public, was to constitute it a high class, restricted, residential district. The conveyance of each lot out of the subdivider and into each appellee and appellants contains a reference to the use restrictions and the record thereof, whereby the general plan of such restrictions became binding on all lot own-

ers in the Addition. The deed of conveyance to appellants contains the following clause: "This deed is delivered by the grantors and accepted by the grantee with the distinct understanding and agreement that the conveyance hereby made is subject to the restrictions, covenants and conditions fully set out and described in that certain Trust Indenture and Agreement executed by E. H. Fleming and San Jacinto Trust Company, dated October 15, 1922 and recorded in Vol. 567, Page 413 of the Deed Records of Harris County, Texas, and in that certain deed executed by E. H. Fleming to San Jacinto Trust Company dated April 16, 1923 and recorded in the Deed Records of Harris County, Texas in Vol. 529, Page 462, which instruments are made a part hereof, and shall be considered in all things a part of this conveyance and reference is here made to said Trust Indenture and Agreement and Deed for all purposes."

Appellants admitted on the trial that they had rented the garage apartment situated on the rear of their lot to persons who were neither members of their family nor domestic servants and that they intended to continue so to do unless restrained. They introduced in evidence numerous photographs and the testimony of various witnesses tending to show that the restrictions prohibiting multiple housing throughout the Addition had been violated from time to time in certain instances and that some of the residents within the Addition had rented rooms to persons who were not domestic servants or members of their family. However, appellants have not pointed out any evidence in their brief which shows or tends to show that each and all of the twenty-two appellees herein knew or were charged with notice, of any such violations or changed conditions, and we have found no such evidence in the record. Each of the appellees who was placed on the witness stand testified unequivocally that he did not intend at any time to waive the enforcement of such restrictions or to acquiesce in their violation.

The law appears to be well settled that "where the owner of a tract of land subdivides it and sells distinct parcels thereof to separate grantees, imposing restrictions upon its use pursuant to a general plan of development or improvement, such restrictions may be enforced by any grantee against any other grantee, either upon the theory that there is a mutuality of covenant and consideration, or upon the ground that mutual negative and equitable easements are created. Where parcels are sold with reference to such a uniform plan to persons having notice thereof, the grantees may enforce the restrictions within this rule, irrespective of the order of the several conveyances, and irrespective of whether the covenants run with the land." Klein v. Palmer, Tex.Civ.App., 151 S.W.2d 652, 654; Monk v. Danna, Tex.Civ.App., 110 S.W.2d 84; Hooper v. Lottman, Tex.Civ. App., 171 S.W. 270; Curlee v. Walker, 112 Tex. 40, 244 S.W. 497; Hill v. Trigg, Tex. Com.App., 286 S.W. 182; Green v. Gerner, Tex.Com.App., 289 S.W. 999; Scott v. Champion Building Co., Tex.Civ.App., 28 S.W.2d 178.

In the case of Klein v. Palmer, supra, the court said: " * * * in order to prove the waiver or abandonment of a general scheme or plan of development, it must be shown that such plan has been violated to such an extent as to reasonably lead to the conclusion that it had in fact been abandoned, and that unsubstantial violations thereof or the fact that a complainant had not objected to previous violations of such restrictions, particularly where they did not immediately affect the enjoyment of his own premises, will not prevent him from maintaining an action for injunctive relief to prevent substantial violations thereof or a violation which would materially affect his own premises. Plaster v. Stutzman, Tex.Civ.App., 8 S.W. 2d 750; 18 Corpus Juris, 403; 32 Corpus Juris, 209; McGuire v. Caskey, 62 Ohio St. 419, 57 N.E. 53; Johnson v. Robertson, 156 Iowa 64, 135 N.W. 585, Ann.Cas.1915B, 137; Stewart v. Finkelstone, 206 Mass. 28, 92 N.E. 37, 28 L.R.A.,N.S., 634, 138 Am.St. Rep. 370."

In the case before us, the trial court instructed the jury that the word "family" as used in the charge "includes parents, children and domestic servants." He also instructed the jury that by the term "waived" as used in the charge "is meant the intentional relinquishment of some known right, benefit or advantage which the party relinquishing would otherwise have enjoyed." It appears to us that each of these definitions was substantially correct and that such definitions and the issues to which they related were based upon a proper construction of the written restrictions relied upon by appellees and the defenses against the enforcement thereof as pleaded by appellants. Furthermore, even though the trial court was rather liberal in his rulings on the admissibility of evidence relating to the issues which he submitted, we cannot say he abused the sound discretion vested in him with respect to any of such rulings.

Therefore, we do not think the trial court erred in any of the particulars of which appellants complain on this appeal; but if any error was committed, it is our opinion that the same was immaterial and harmless because we have concluded that the evidence as a whole, including that which was admitted and that which was offered but refused admission under the rulings of the trial court, was wholly insufficient as a matter of law to form the basis for an affirmative answer to any of the three issues which the trial court submitted to the jury or to establish any of the defenses pleaded. Braswell v. Woods, Tex.Civ.App., 199 S.W.2d 253 (er. ref. n. r. e.); Faubian v. Busch, Tex.Civ.App., 240 S.W.2d 361, (er. ref. n. r. e.); Watson v. Wiseheart, Tex.Civ.App., 258 S.W.2d 350 (er. ref. n. r. e.).

Accordingly, all of appellants' points of error are overruled and the judgment of the court below is affirmed.

TIREY, J., took no part in the consideration or disposition of this case, on account of illness.