George H. ULLRICH, Jr., et ux., Appellants,

v.

SOUTHAMPTON CIVIC CLUB et al.,
Appellees.

No. 7535.

Court of Civil Appeals of Texas.

Texarkana.

Nov. 12, 1963.

Rehearing Denied Dec. 17, 1963.

Sam G. Croom, Croom, Barnes & Adams,
Houston, for appellants.

Carlyle W. Urban, Houston, for appellees.

CHADICK, Chief Justice.

This is an action to enforce a restrictive covenant on the use of land by injunctive process. The trial court's judgment granting a permanent injunction is affirmed.

George H. Ullrich, Jr., and wife, appellants here, defendants in the trial court, own Lot 10, Block 44, Southampton Place Addition to the City of Houston, Harris County, Texas. Their title deed recites that the grant to them is subject to all effective restrictions and covenants burdening the property at the date of the deed, November 15, 1957. The covenant under review in this appeal reads:

> "No apartment house or duplex will be permitted in the addition, the object of this provision being to prohibit multiple housing throughout the entire addition."

The quoted provision appears as a part of a trust agreement between E. F. Fleming and San Jacinto Trust Company, dated October 15, 1922, and recorded in the deed records of Harris County, and is in the Ullrich's chain of title. This covenant in the trust instrument has been a subject of appellate court review and interpretation in the following cases: Pardo v. Southampton Civic Club, Tex.Civ.App., 239 S.W.2d 141, W/R; Rudy v. Southampton Civic Club, Tex.Civ.App., 271 S.W.2d 431,

W/R., N.R.E.; Southampton Civic Club v. Couch, 159 Tex. 464, 322 S.W.2d 516.

In essence, the appellants' first four points of error, grouped for briefing, assert that the appellees, that is the Southampton Civic Club, an unincorporated association and seventeen persons as individuals and as officers and members of the association, and as representatives of a class, as plaintiffs in the trial court, failed as a matter of law to prove that the Ullrichs had violated the quoted covenant. The Ullrichs thereby found their case upon the construction of the covenant made by the Supreme Court in Southampton Civic Club v. Couch, supra, and the uncontradicted evidence produced at the trial showing the use that they, the Ullrichs, made of the dwelling house and garage located on their lot.

When the defendant George H. Ullrich, Jr., was under cross-examination during the trial, his attention being directed to the garage building on his premises, testified as shown by this extract from the statement of facts, to-wit:

"Q. What is on the second floor of that building?

"A. There is a bedroom and a bath and a living room and a kitchen.

"Q. And who is now living in these quarters on the second floor?

"A. A Rice student by the name of Ghias U. Din.

"Q. How long has he been occupying these quarters?

"A. Two years with about a seven months break to go to Oxford in England.

"Q. And he is paying rent to you and Mrs. Ullrich for the use of these quarters?

"A. Yes, sir.

"Q. Is he occupying them on a month-to-month arrangement?

"A. Yes, sir.

"Q. He pays you a certain amount per month?

"A. $50.00 a month.

"Q. He has been there for two years except a seven month period, how long has it been since he came back from England?

"A. He re-occupied the place in February of this year.

"Q. He is the only tenant you have there now?

"A. Yes, sir.

"Q. He is using the entire second floor?

"A. Yes, sir.

"Q. Which consists of a living room, bathroom and kitchen and a bedroom?

"A. Yes, sir.

"Q. Is he related to you or Mrs. Ullrich in any way?

"A. No, sir.

"Q. He is not a member of your family?

"A. No, sir.

"Q. He is not a member of Mrs. Ullrich's family?

"A. No, sir."

Pictures were introduced together with other evidence showing the Ullrichs' dwelling house and the garage were built upon separate foundations some twenty-two feet apart and connected by a concrete slab walk with a roof over it. The roof is supported by the house at one end and the garage at the other, and by posts in-between. This open-sided passageway, called a "breezeway", connected door entrances into each of the otherwise separate structures. At the ground level the garage building is used to house automobiles, with servant

quarters adjacent thereto. At trial time a part of the servant's quarters was being used as a storeroom, and the remainder had been air conditioned and outfitted and was being used, according to Mr. Ullrich, as an office and study.

In the Couch case just referred to, the Supreme Court on remanding the case gave detailed instructions for the guidance of the inferior courts. These instructions, next quoted, constitute a construction of the covenant which is applicable in this case, to-wit:

"The nature and extent of the use of his premises for purposes other than as a residence for the members of his family and his domestic servants will determine whether an injunction decree is to be entered against a particular defendant. If the evidence establishes as a matter of law, or if the trial court finds as a fact on conflicting evidence or as a reasonable inference from the evidence, that a * * * defendant * * * is using an establishment on his premises, separate and apart from his dwelling house, for renting as a source of financial gain, or is renting space to others in his dwelling house as a separate housekeeping unit, * * * that activity should be enjoined. On the other hand, if * * * the dwelling house on the premises * * * is being used primarily as a residence for the owner and his family and domestic servants, no injunction should issue against the incidental renting by the defendant of a room or rooms to others."

■ The purpose of the only issue submitted to the jury was to settle the facts as to waiver, by the plaintiffs, of the provisions of the restrictive covenant. Neither the plaintiffs nor the defendants requested submission of special issues relative to any other fact issue made by the evidence nor objected to an omission in that respect. The implication of the judgment entered in the trial court is that the trial judge found

as a matter of law that the evidence established that the Ullrichs were renting, for financial gain, space on their property for use, and used, as a housekeeping unit.

Mr. Ullrich himself testified that the four rooms in the garage apartment were being used, each for its separate purpose, by the tenant. Inferentially, the tenant cooked his meals in the kitchen, etc. Such use constituted the second floor rooms of the garage a housekeeping unit. It is said that when the proof as a whole leads to but one conclusion of fact, and reasonable minds would not differ thereon, the evidence establishes such conclusion as a matter of law. See 1 Texas Law of Evidence, Sec. 4, p. 9, and cases there cited. The evidence appears sufficient to support the implication that the trial judge found this fact as a matter of law. The record thus considered shows submission of the issue to the jury was not necessary in any event. See authorities cited next above.

■ In their brief the Ullrichs treat the evidence as establishing as a matter of law that the garage joined to the dwelling house by the breeze-way, and the use made of it as an office and study unified the garage building and the house into a single family dwelling or residential establishment. Even though such fact is established as a matter of law, which is not so held, the interpretation of the restrictive covenant's meaning, set out in the Couch case, renders it immaterial whether the housekeeping unit is in the dwelling house or in an establishment separate and apart from it. The appellants' first four points of error are overruled.

■ Appellants' remaining points of error, requiring a review of the evidence pertaining to the waiver issue (Special Issue No. 1) and the action of the trial judge in overruling motions for instructed verdict and for judgment notwithstanding the verdict, have been studied with care. After full consideration, it must be held that the great weight and preponderance of the

**514**

evidence is not contrary to the jury's verdict on the waiver issue, nor is error shown in the other respects mentioned. The points are respectfully overruled.

The judgment of the trial court is affirmed.