**Kay Morgan MELTON, Appellant,**

v.

**Ray MILLER et al., Appellees.**

No. 14583.

Court of Civil Appeals of Texas.

Houston.

May 27, 1965.

Rehearing Denied June 17, 1965.

William H. Scott, Jr., Houston, for appellant.

Urban, Coolidge & Pennington, Bryan W. Scott, Houston, for appellees.

BELL, Chief Justice.

Suit was brought by appellees, owners of lots in Westwood, Section 5, an addition in the City of Houston, against appellant, the owner of Lot 18 in Block 1 of the addition, seeking a mandatory injunction requiring the removal of a carport that had been built by appellant a distance of 24 feet 6 inches over the building line in violation of restrictions applicable to the addition. Appellant pled waiver by appellees, abandonment and laches. At commencement of trial appellant admitted appellees were entitled to recover except as their cause of action could be defeated by her affirmative pleas upon which she had the burden of proof. Under Rule 266, Texas Rules of Civil Procedure, she asked and was allowed the right to open and close the evidence and argument. Trial was to

a jury, but at the conclusion of the evidence by the defendant, the trial court, on proper motion, withdrew the case from the jury and rendered judgment requiring removal of the carport.

The action of the trial court was correct unless a fact issue was raised as to waiver, abandonment or laches, because of appellant's admission of her violation of the valid restriction.

 Appellant lived on O'Meara Street. Her house would be one house west of Woodwind. The latter street goes all the way through the addition. O'Meara is not a through street. Most people in the addition go down Bellfort, which is the street north of O'Meara, to Stella Link in order to travel to downtown Houston. In August, 1961, appellant and her then husband had the carport built at a cost of about $750.00. The construction required about four days. Appellant said she discussed building it, before work was commenced, with the neighbor on either side of her home and one across the street. They had no objection. None of these persons are named parties to this suit. She knew the addition was restricted. She had no actual knowledge of the particular restriction. She had constructive knowledge because the restrictions were recorded. The carport remained until the middle of September, 1961, when it was so badly damaged by hurricane Carla that it had to be replaced. It was rebuilt in October, 1961, at a cost of about $750.00. Appellant testified that no one ever complained about the structure until she received a letter in April, 1962, from a man who did not live in the addition. He pointed out that the carport built as it was, over the building line, violated the restrictions. She stated she would not have built it if anyone had complained before it was built. She never talked to anyone, except the above mentioned neighbors, before building it. She testified she would not have rebuilt it after Carla if anyone had complained, but would have kept her insurance money. None of the appellees said anything to her

to lead her to believe it was not all right to build the carport where it was built or to rebuild it.

Mr. Miller, one of the appellees, testified he first became aware of the carport just after Carla when he observed it in its damaged condition when he was riding around the addition to observe damage done by the storm. He has never talked to appellant.

In June, 1962, a letter was written appellant by attorneys for appellees calling attention to the violation and calling on her to remove the structure. Suit was filed in January, 1963.

None of the appellees has ever lived on O'Meara Street. There is no evidence to show that any of the appellees, except Mr. Miller, ever actually knew of the violation until just prior to filing suit. There is no evidence of any other carport or any structure in the addition being built in violation of the restriction by other persons in the addition. Some evidence of the existence of other carports was offered but it was excluded because it was not contended they extended over the building line. The violation does not consist in building a carport but rather in building it 24 feet 6 inches over the building line.

 Clearly there was no evidence of probative force to show abandonment of the restriction or waiver generally because there is no evidence of any other violations of this restriction.

 The next question is whether there is evidence of probative force to show appellees waived this particular violation by their conduct with respect to this one violation. We take it that this is based purely on action of appellees in not stopping the original construction and later the reconstruction. There is no evidence that anyone except Miller knew of the violation and he did not know of it until September, 1961. None of the other appellees lived on O'Meara Street and the evidence affirmatively shows this is not a

through street that the appellees would likely travel. Certainly, they would not travel it in going to and from downtown Houston. They would travel on Woodwind and Bellfort and then Stella Link. We do not think they were charged with notice of the presence of the carport. Their homes were some distance away. Even if there was waiver by Miller, there is no evidence showing there was by the other appellees. There must be waiver by all of them. Rudy v. Southampton Civic Club, Tex.Civ.App., 271 S.W.2d 431 (CCA), ref., n. r. e.; Faubian v. Busch, Tex.Civ.App., 240 S.W.2d 361 (CCA), ref., n. r. e. The burden of proving waiver is on the appellant. The facts certainly show no affirmative act that could tend to lead appellant to believe, before she built or rebuilt the carport, that there would be no objection to the violation.

 Laches is also relied upon. Laches is not dependent alone on the passage of time. Whether a party is precluded from enforcing a right depends on whether under all facts and circumstances it would be inequitable to enforce the right. Here all evidence shows that no affirmative conduct by appellees caused appellant to build or rebuild the carport. Appellant so admitted. After rebuilding she did nothing to her detriment. She admitted that after it was built she would not have removed it. The result is that the delay since then does not suffice to establish laches. Appellant says that if anyone had complained she would not have rebuilt but would have kept her insurance money. Appellees, other than Miller, cannot be said to be guilty of laches because there is no showing they knew of the carport being built or rebuilt. Appellant says they should have discovered it. We think not. She knew the subdivision was restricted and in law was charged with knowledge of the particular restriction violated. Appellees did not mislead her. In 30 C.J.S., Equity, § 117, p. 539 the rule is stated:

"It is not for a wrongdoer to impose extreme vigilance and promptitude as conditions to the exercise of the right of the person injured. So the doctrine of laches does not apply where defendant has acted in open and known hostility to plaintiff's rights and has been misled by no apparent acquiescence on plaintiff's part; the law does not demand the utmost exertion of diligence in repelling a hostile invasion of one's rights deliberately undertaken with full knowledge of all the facts."

See also Arrington et al v. Cleveland, Tex. Civ.App., 242 S.W.2d 400 (CCA), writ refused.

Affirmed.