**Joel J. LEWIS et al., Appellants,**

**v.**

**R. J. HAMBROSKY et al., Appellees.**

**No. 4605.**

Court of Civil Appeals of Texas.

Waco.

June 22, 1967.

Rehearing Denied July 13, 1967.

John H. Holloway, Houston, for appellants.

Urban, Coolidge, Pennington & Heard, Bryan W. Scott, Houston, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendants Lewis from a judgment enjoining them from using, or permitting to be used, certain premises in Riverside Terrace, Houston, for business purposes.

Plaintiffs Hambrosky, et al., homeowners in Riverside Terrace, Houston, sued Joel Lewis and wife Joann Lewis, and Abraham Lewis and wife Mary Frances Lewis, alleging defendants own or occupy parts of lots 16 and 17, block 68, Section 13, Riverside Terrace; that same is subject to restriction that same will not be used for business purposes, but for residence purpose only; and that defendants use the property for a place of business in the selling of used automobiles and trucks, in violation of the restrictions. Plaintiffs prayed for injunction against defendants using the premises for business purposes for so long as the restrictions remain in force.

Defendants answered by general denial; that plaintiffs had waived enforcement of the restrictions; and that the restrictions had been abandoned.

Trial was to a jury which, in answer to issues submitted, found:

1) Plaintiffs have not waived the enforcement of the restrictions against defendants.

2) There has not been such a change of conditions in Riverside Terrace, that it is no longer possible to secure in a substantial degree the benefits sought to be realized in the Restrictive Covenants contained in the original Restriction instrument.

The trial court rendered judgment enjoining defendants from using or permitting to be used the premises involved for business purposes or for the purpose of operating a used car business, such injunction to continue until January 1, 1973, and so long thereafter as the restrictions are in force.

Defendants appeal on 22 points, contending:

1) The injunction against Abraham Lewis and Joann Lewis is erroneous as a matter of law, in that there is no evidence they violated the restrictions or intend to do in the future.

2) The finding plaintiffs did not waive enforcement of the restrictions is supported by no evidence or insufficient evidence; and waiver occurred as a matter of law.

3) There is no evidence, or insufficient evidence, to support the jury's answer to Issue 2.

■ Defendants' first contention is that the judgment is erroneous as to Abraham Lewis and Joann Lewis, because the evidence is that Joel Lewis and Mary Frances Lewis were selling used cars from the premises, and that Joann Lewis and Abraham Lewis had never been guilty of violating the restrictions, hence could not properly be enjoined. Abraham and Mary Frances Lewis lived on the property; Joel and Joann Lewis had a deed to the property. Joel and Mary Frances Lewis sold used cars on and from the property. There is evidence that all four defendants owned an interest in the property. Abraham and Mary Frances Lewis are husband and wife; and Joel and Joann Lewis are husband and wife. Approximately 40% of Joel and Joann Lewis' income is from selling cars on the premises in question; and whatever income Mary Frances Lewis makes is community property with Abraham Lewis. All defendants are proper parties. Davis v. Carothers, Tex.Civ.App., Err.Dism'd, 335 S.W.2d 631; 31 Texas Jur.2d, Sec. 210.

■ Defendants' second contention is levelled at the finding that plaintiffs did not waive enforcement of the restrictions.

**608**

Defendants assert that plaintiffs knew of the violations of the restrictions, in that plaintiffs were selling cars from the premises as early as 1954; and that one of the plaintiffs, Mrs. Miller, operated a real estate business from her home. The record reflects that plaintiffs discovered defendants were selling cars from the premises in 1954 and in 1959; but that defendants agreed to stop the activity and did for a time, and plaintiffs relied on defendants' promises. Mrs. Miller did not operate a real estate business from her home; she merely received correspondence concerning, and rent checks for property she owned, at her home. All plaintiffs testified they did not intend to waive enforcement of the restrictions.

■ Defendants' third contention complains of the finding that a material change in conditions had not occurred which rendered benefits from the restrictions no longer possible. The record reflects the neighborhood was a nice and high-class residential neighborhood; that it was kept up good; that houses were well maintained and on large lots. Defendants asserted that various violations in the restrictions had taken place in the subdivision, but proof of such violations is largely lacking. The record is that property values have actually increased in the area.

Defendant Joel Lewis testified that he and his mother, defendant Mary Frances Lewis, sold used cars from the premises; that 90% of his income was from this operation; that he ran ads giving the instant premises as the address of his business, and giving the telephone number of the premises as his business telephone; that he had been in such business at the location for the past 12 years; that his mother, Mary Frances Lewis, derived most or all her income from the sale of automobiles at this residence.

■ The restrictions in question state that no business house, or place of business of any kind shall be conducted, kept or maintained on any of the lots of the addition. See Rudy v. Southampton Civic Club (Tex.Civ.App., n. r. e.) 271 S.W.2d 431.

The judgment is correct. All defendants' points and contentions are overruled.

Affirmed.