John Garland **TUCKER** et al., Appellants,

v.

Fred **SOLIZ** et ux., Appellees.

No. 15934.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 22, 1972.

Rehearing Denied July 20, 1972.

Urban, Coolidge, Pennington & Scott, Bryan W. Scott, Carlyle W. Urban, Houston, for appellants.

Burke Martin, Bruce L. James, Houston, (Saccomanno, Clegg, Martin & Kipple, Houston, of counsel), for appellees.

COLEMAN, Justice.

This is a suit to enjoin an alleged violation of the deed restriction against multiple housing in Southampton Place Addition, Houston, Texas.

Mr. and Mrs. Soliz purchased a lot in said Addition which was improved with a main residence to which there was attached by a breezeway a garage apartment. Sometime thereafter the garage apartment was torn down and rebuilt. The new improvements were larger, but were built at the same place and according to the same general plan. This structure contained complete facilities for living quarters and a garage. It was connected with the main house by a breezeway. At the time of the trial it was occupied by the parents of Mrs. Soliz, Mr. and Mrs. Wilfred Navarro. The utilities and telephone for Mr. and Mrs. Navarro are separate installations from those for Mr. and Mrs. Soliz. There are also separate mail boxes. The lot in question is located at the corner of Wroxton and Wilton Streets. Prior to the trial Mr. Navarro had used a Wilton Street address, while Mr. Soliz used a Wroxton address.

Mr. and Mrs. Soliz have two children. In addition to Mr. and Mrs. Navarro, Demetrius Navarro, the fifteen year old brother of Mrs. Soliz, lives on the property. At the time of the trial he was in the main residence. Another of Mr. and Mrs. Navarro's children lived on the premises at the time suit was filed, but she had moved at the time of the trial.

Mr. Navarro is a retired business man, and has no retirement income. There is no evidence that his daughter and son in law charge him rent. Mr. and Mrs. Soliz pay all the utility bills. Mr. and Mrs. Navarro, their minor son and daughter all lived on the premises prior to the reconstruction of the garage apartment. The son and daughter sometimes would sleep in the main house and sometimes in the quarters occupied by their mother and father.

Mrs. Soliz testified that she and her children were in the garage quarters daily. On the second level there was one big room, which she called the den. It also contained kitchen and dining facilities, a bar, closets and cabinets. A large dining table was located in the middle of the room, which, according to Mrs. Soliz, "takes care of all of us." On being questioned as to whether her father was a man of independent nature, Mrs. Soliz stated: "My dad lived with me."

Appellants contend that the only question presented in this case is whether there are two families living in two separate households or only a single family living as a single household. They state that they do not complain of the failure of the trial court to require appellees to remove the garage building "but only seek an injunction to prohibit use of the garage building for a second family."

In Southampton Civic Club v. Couch, 159 Tex. 464, 322 S.W.2d 516 (1958), the Supreme Court reviewed previous cases construing the restriction against multiple housing here involved and approved the provisions holding that the lots in the addition were "restricted to the exclusive use of a residence of a single family." The court then considered the meaning of the term "single family" and, referring to Rudy v. Southampton Civic Club, 271 S.W.2d 431 (Tex.Civ.App.—Waco 1954, writ ref., n. r. e.), stated:

"In the Rudy case . . . the opinion approved the instruction of the trial court that the word family includes 'par-

ents, children and domestic servants.' That definition is entirely too restrictive, and we do not approve it. It would exclude a dependent mother or an invalid brother or sister."

The court then considered what should be included in a family and said:

"Webster's New International Dictionary, 2d Edition, 1935, has this definition of the word family: 'a household, including parents, children, and servants, and as the case may be, lodgers or boarders.'"

The evidence shows only that Mr. and Mrs. Soliz have included within their "household" the mother, father and brother of Mrs. Soliz. Appellants did not produce evidence to establish a violation of the restriction against multiple housing.

The judgment of the trial court is affirmed.