Gary L. Murphree, Urban, Coolidge, Pennington & Scott, Houston, for appellants.

Bettye J. Lambert, Houston, for appellees.

CIRE, Justice.

Plaintiffs appeal from the denial of an injunction to enforce a restrictive covenant.

Appellant Southampton Civic Club sued for an injunction against appellees James H. Foxworth and his wife, Erna Beth Foxworth, to enforce a restrictive covenant on the Foxworths' residence. Southampton alleged the Foxworths were renting an apartment, located upstairs from their unattached garage, to a Rice University student for profit and that this was a violation of the restrictions in force against their property: "That no part of said property shall ever be used for the purpose of wholesale or retail business . . .. No apartment house or duplex will be permitted in the Addition; the object of this provision being to prohibit multible [sic] housing throughout the entire addition."

**SOUTHAMPTON CIVIC CLUB et al., Appellants,**

v.

**John H. FOXWORTH et al., Appellees.**

**No. 1586.**

Court of Civil Appeals of Texas, 14th Supreme Judicial District.

April 20, 1977.

Rehearing Denied May 11, 1977.

Trial was to the court, which denied the injunction. The court found that the Foxworths have never used their property for a wholesale or retail business; that they occupy a home in Southampton Place; that there is a garage not attached to the residence but joined by a sidewalk and fence, which garage has space on the first floor for two automobiles, and on the second floor is a room, bathroom, and closet; that the second floor of the garage has a refrigerator but no cooking facilities of any type; that the room has been used by Rice University students who have slept and studied in the room and have taken their meals elsewhere; that the Foxworths have rented the room on three different occasions to Rice University students for a rental varying from $45 to $85 per month; that the last student tenant was not related to the Foxworths nor was he a domestic servant employed upon the premises by them, though he did perform many chores for the Foxworths and became like a member of their family; that there is one meter for each of the utilities on the lot, which is in the Foxworths' name and is paid for by them; that there is one mailbox on the house, into which all mail to the property is deposited; that the rental received by the Foxworths has been used to pay utilities and maintain the yard and property generally; and that the Foxworths intend to rent the room in its present condition in the future without any cooking facilities if the "right" person comes along. The court stated as conclusions of law that the renting and use of the garage room did not violate the subdivision restrictions, "there being no multiple housing as prohibited by the original subdividers, and the renting or use of said room being only incidental to the use of the premises as a single family residence of defendants"; the renting of the room does not constitute the renting of the premises as a source of financial gain; there was no showing of any appreciable damage resulting from the use of the property; and there is no housekeeping unit in the room above the garage.

Appellants bring this appeal on 19 points of error. Points one, two, and three contend the trial court erred in its conclusion that the renting of the garage room does not constitute the renting of the premises as a source of financial gain. In its eighteenth point, appellant asserts that the evidence proved as a matter of law that the renting of the garage room constitutes multiple housing, as prohibited by the subdivision restrictions. We sustain these points of error.

This case is governed by the holding in *Southampton Civic Club v. Couch*, 159 Tex. 464, 322 S.W.2d 516 (1958), in which the supreme court construed the covenant now in question. That case involved roomers who lived in the main dwelling house. The supreme court said, 322 S.W.2d at 518, "the renting of a room or rooms in a private residence, which is merely incidental to its use as a family residence, does not violate a restriction limiting the use of the property to a single-family residence." It is evidently upon this language that the trial court in this case based its decision. However, on motion for rehearing, the supreme court said, 322 S.W.2d at 520:

> If the evidence establishes as a matter of law, or if the trial court finds as a fact on conflicting evidence or as a reasonable inference from the evidence, that a particular defendant is . . . using an establishment on his premises, separate and apart from his dwelling house, for renting as a source of financial gain . . . that activity should be enjoined.

We believe this latter holding controls the present case.

It was uncontradicted that the Foxworths received $85 each month as rental on the garage apartment (an establishment on the premises, separate and apart from the dwelling house), and that approximately $6 per month was spent on the utilities for the garage apartment. The remainder of the rental money was used for upkeep of the residential grounds. The fact that the Foxworths used each month's rental for residential maintenance does not alter the fact that this income was a source of financial gain. This factor distinguishes the

present case from *Tucker v. Soliz*, 483 S.W.2d 367 (Tex.Civ.App.-Houston [1st Dist.] 1972, writ ref'd n. r. e.), where no financial gain from the use of a garage apartment was present.

The evidence establishes that the renting of the garage apartment by the Foxworths constitutes a substantial violation of the restrictions. This is a sufficient showing of damages upon which to base an injunction to enforce a covenant restricting the use of land. *Viking Homes, Inc. v. Larkin*, 452 S.W.2d 25, 27 (Tex.Civ.App.-Houston [14th Dist.] 1970, no writ).

Because the trial court has failed to apply the law correctly to undisputed facts, we reverse its judgment. *Manning v. Wieser*, 474 S.W.2d 448, 449 (Tex.Sup.1971). We render judgment that appellees John H. Foxworth and Erna Beth Foxworth be enjoined from renting the garage apartment as a source of financial gain.

J. CURTISS BROWN, C. J., not participating.