**Rafael JORDAN, Appellant,**

v.

**Enrique TELLES and wife, Yolanda F. Telles, Appellees.**

**No. 08–83–00085–CV.**

Court of Appeals of Texas, El Paso.

June 6, 1984.

Colbert N. Coldwell, Juan Carlos Garay, El Paso, for appellant.

Judy Sanders, H. Tati Santiesteban & Assoc., El Paso, for appellees.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

The seller of a lot in a residential development seeks to recover an additional sum of money as provided for in the sales contract because the lot which was restricted for residential purposes was allegedly used for commercial purposes. The trial court denied recovery. We affirm.

Rafael Jordan sold a lot in the Jordan Addition in the County of El Paso, known as 360 Ontiveros Street, to Enrique Telles and wife, Yolanda Telles. The installment payment contract for $18,500.00 provided:

It is understood that Purchasers shall not use the described property for commercial purposes but just for residential purposes. In the event the described. property is used for commercial purposes, Purchasers agree to pay an additional 50% more of the total sale price.

On January 27, 1982, a federal agent, Ernesto Ortiz, was introduced by Joe Montoya to Enrique Telles at 360 Ontiveros Street in El Paso. Ortiz remained in his car in front of the house while Montoya and Telles left for a short time. After their return, Telles went inside the house and cut some heroin. Ortiz paid $1,000.00 to Montoya, who took the sum of money into the house and returned with fourteen ounces of heroin which he delivered to Ortiz who was in his car in front of 360 Ontiveros Street. On two other occasions in March, 1982, Montoya and Ortiz drove to the Telles residence at 360 Ontiveros Street and on each occasion, after Montoya went into the house, he and Telles left by automobile and subsequently sold and delivered heroin to Ortiz at another location in El Paso. Telles was arrested after the third sale and later convicted of possession of heroin with intent to distribute it.

Following the last sale, the attorneys for Mr. Jordan wrote to Mr. and Mrs. Telles demanding payment of $9,250.00 within ten days. When no payment was made, suit was filed seeking to recover that additional sum as liquidated damages and for a forfeiture of the contract of sale for failure to pay that amount. Following a non-jury trial, a take nothing judgment was entered. In its findings and conclusions, the trial court found that the two transactions in March, 1982, did not occur on the premises. The court also found that the delivery of a controlled substance did not constitute a breach of the contract of sale in this case and that the sale in January, 1982, did not entitle seller to a forfeiture under the real estate sales contract for failure to pay an additional sum of $9,250.00.

The Appellant asserts in ten points of error that as a matter of law the purchasers used the property for a commercial purpose by engaging in the sale of heroin. Jordan also asserts that as a matter of law he was entitled to the increase in the sales price as liquidated damages under the contract and was entitled to a forfeiture for failure to pay such damages.

There is no attack upon the trial court's finding that the second and third sales did not occur on the premises. Therefore, the issue is reduced to the question of whether the one sale of heroin in January, 1982, was such an event as would trigger the clause of the sales contract requiring an additional fifty percent payment of the total sale price.

It would appear that the primary purpose of the clause was not to totally prohibit commercial activity in an otherwise residential area. Instead, it was to provide an incentive to purchasers to use their property for residential purposes and to permit the seller a substantially greater profit on lots sold and used for commercial purposes. If the lots were to be operated profitably by the purchasers, then the seller expected a larger purchase price for each lot so used. By using the term "commercial purposes," the seller apparently intended that the clause would apply to something other than a single, isolated transaction.

There is no question but that the house occupied by Mr. and Mrs. Telles was used for residential purposes. There is no attack upon the court's finding that no further sales of drugs have occurred and that there has been no further commercial

transaction of any nature conducted out of the residence. The trial court concluded that a single transaction did not constitute "commercial purposes."

In *Purdy v. Mulroney*, 31 N.Y.S.2d 1006 (Sup.Ct., Monroe County 1941), the court had before it a case in which a deed contained a restriction which said: "[n]o lot in said tract shall be used for commercial purposes, * * *." The owners occupied the premises as their home, but their son, who was a licensed mortician, planned to use the residence for the holding of funeral services and he erected a funeral home sign to advertise his business. The court found no violation of the restrictive covenant and said the case was somewhat analogous to cases where doctors, lawyers, real estate and insurance agents maintain offices in their homes "which the Courts have uniformly held did not so change the character of the premises as to destroy their identity as residential property."

Also, in 1941 the Supreme Court of Georgia in *David v. Bowen*, 191 Ga. 467, 12 S.E.2d 873 held that one who occupied a home for residential purposes did not violate a restrictive covenant prohibiting a "commercial establishment" by operating a boarding house.

Texas courts have reached the same result where the owner occupied the premises as a residence but used a limited area to conduct a business. *Burkhart v. Christian*, 315 S.W.2d 668 (Tex.Civ.App.—Waco 1958, writ ref'd n.r.e.).

 We recognize that where there is a continuation of an ongoing business operation a violation of a restriction for residential purposes only may occur. *Lewis v. Hambrosky*, 417 S.W.2d 606 (Tex.Civ.App.—Waco 1967, writ ref'd n.r.e.); *Davis v. Hinton*, 374 S.W.2d 723 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.). But, in this case there was only a single transaction which we conclude did not constitute use "for commercial purposes."

We overrule Points of Error Nos. One through Four. The remaining points of error are moot. The judgment of the trial court is affirmed.