# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

September 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| MILES NICKELSON and | ) | |
| MARY JOYCE NICKELSON, | ) | |
| as parents and next of friend, | ) | |
| NAKESHA S. NICKELSON, | ) | |
| a minor | ) | |
| | ) | |
| Plaintiffs/Appellants, | ) | Appeal No. |
| | ) | 01A01-9807-CV-00375 |
| v. | ) | |
| | ) | Sumner County Circuit |
| SUMNER COUNTY BOARD | ) | No. 17122-C |
| OF EDUCATION | ) | |
| | ) | |
| Defendant/Appellee. | ) | |

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CIRCUIT COURT
FOR SUMNER COUNTY
AT GALLATIN, TENNESSEE

THE HONORABLE THOMAS GOODALL PRESIDING

KENNETH M. SWITZER
WILLIAMS & ASSOCIATES, P.C.
SUITE 1425 FIRST AMERICAN CENTER
315 DEADERICK STREET
NASHVILLE, TENNESSEE 37238-1425

ATTORNEY FOR PLAINTIFFS/APPELLANTS

WILLIAM R. WRIGHT
LEAH MAY DENNEN
OFFICE OF THE LAW DIRECTOR
SUMNER COUNTY ADMINISTRATION BUILDING
355 NORTH BELVEDERE DRIVE, ROOM 208
GALLATIN, TENNESSEE 37066

ATTORNEYS FOR DEFENDANT/APPELLEE

**AFFIRMED AND REMANDED**

PATRICIA J. COTTRELL, JUDGE

CONCUR:

CANTRELL, P. J.
CAIN, J.

# OPINION

In this case Plaintiffs, Miles Nickelson and Mary Nickelson, sued the Sumner County Board of Education for injuries their daughter, Nakesha Nickelson, sustained when she was struck in the eye with a metal meter stick or ruler which was swung by a classmate. Plaintiffs now appeal the trial court's order granting the defendant school system summary judgment. We affirm the order of the trial court.

Nakesha Nickelson was a thirteen year old seventh grader at Rucker-Stewart Middle School in Sumner County on the day of the accident. She was in a classroom when two other students were allegedly having a tug-of-war over a metal ruler. The ruler struck Nakesha Nickelson in the eye causing permanent eye damage. Ms. Nickelson admits that shortly before she was wounded, she too had been playing with the ruler, and used it to tap another student. In the moments immediately before she was struck, Ms. Nickelson was facing away from the other students while they were grappling over the ruler. Ms. Nickelson turned around just in time to be hit in the eye. She suffered serious injury to her eye.

At the time of this incident, Ms. Blades, a teacher with eleven years of teaching experience, was in the classroom. There were between twenty-five (25) and thirty-two (32) students in the class. In her deposition, Ms. Blades testified that she saw the children with the ruler, but never observed the girls tugging over it. Ms. Blades testified that at the time of the incident she was sitting at her desk "putting books in a bag." While there is some dispute over how long after the beginning of a class-changing interval this event happened, both parties agree that it happened before the teacher had commenced instruction of the class.

Plaintiffs sued the Sumner County Board of Education under the

Governmental Tort Liability Act for damages based on their daughter's bodily injury, pain and suffering and lost future earning capacity. The trial court granted Defendant's motion for summary judgment based on findings that (1) the teacher's action at the time and date of the injury did not amount to a deviation from what a reasonable and prudent person would do under the circumstances; (2) school systems are not the insurers of the safety of students; and (3) the student's own fault/negligence caused or contributed to her damages and constituted fifty percent (50%) or more of the total fault/negligence causing the damages.

## I.

Summary judgments do not enjoy a presumption of correctness on appeal. *See City of Tullahoma v. Bedford County*, 938 S.W.2d 408, 412 (Tenn.1997); *McClung v. Delta Square Ltd. Partnership*, 937 S.W.2d 891, 894 (Tenn.1996). Accordingly, we must make a fresh determination concerning whether the requirements of Tenn. R. Civ. P. 56 have been satisfied. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn.1997); *Mason v. Seaton*, 942 S.W.2d 470, 472 (Tenn.1997). Summary judgments are appropriate only when there are no genuine factual disputes with regard to the claim or defense embodied in the motion and when the moving party is entitled to a judgment as a matter of law. *See* Tenn. R. Civ. P. 56; *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn.1997); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn.1995).

Courts reviewing summary judgments must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn.1997); *Mike v. Po Group, Inc.*, 937 S.W.2d 790, 792 (Tenn.1996). Thus, a summary judgment should be granted only when the

undisputed facts reasonably support one conclusion--that the moving party is entitled to a judgment as a matter of law. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn.1995); *Carvell*, 900 S.W.2d at 26. A party may obtain a summary judgment by demonstrating that the nonmoving party will be unable to prove an essential element of its case. *See Byrd v. Hall*, 847 S.W.2d 208, 212-13 (Tenn.1993); *see also Coln v. City of Savannah*, 966 S.W.2d 34, 44 (Tenn. 1998).

II.

In this case, the summary judgment for the Defendant school system should be affirmed if, after weighing all the undisputed facts in the light most favorable to Plaintiffs, this court concludes that Plaintiffs will be unable to establish an essential element of their claim.

No negligence claim can succeed without proof of (1) a duty of care owed by the defendant to the plaintiff; (2) conduct falling below the standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate cause. *See McClung*, 937 S.W.2d at 894. Duty is the legal obligation a defendant owes to a plaintiff to exercise reasonable care in order to protect against unreasonable risks of harm. *See McCall*, 913 S.W.2d at 153. This duty of reasonable care must be considered in relation to all the relevant circumstances, and the degree of foreseeability needed to establish a duty of care decreases in proportion to increases in the magnitude of the foreseeable harm. *See Pittman v. Upjohn Co.*, 890 S.W.2d 425, 433 (Tenn.1994); *Doe v. Linder Constr. Co., Inc.*, 845 S.W.2d 173, 178 (Tenn.1992). The nature and scope of a person's duty in a particular situation is a question of law to be decided by the court. *See Blair v. Campbell*, 924 S.W.2d 75, 78 (Tenn.1996); *Bradshaw v.*

*Daniel*, 854 S.W.2d 865, 869 (Tenn.1993).  Thus, a motion for summary judgment is an appropriate mechanism for determining a defendant's duty when the facts are undisputed. *See Nichols v. Atnip*, 844 S.W.2d 655, 658 (Tenn. App.1992).

III.

Tennessee courts have previously examined the duty owed to students by teachers and other school personnel.  It has been often stated that teachers and local school districts are not  expected to be insurers of the safety of students while they are at school. *See King by King v. Kartanson*, 720 S.W.2d 65 (Tenn. App. 1986); *Roberts v. Robertson Co. Bd. Of Educ.*, 692 S.W.2d 863 (Tenn. App. 1985); *Cadorette v. Sumner Co. Bd. Of Educ.*, No. 01A01-9510-CV-00441, 1996 WL 187586 at * 2 (Tenn. App. April 19, 1996) (no Tenn.R.App.P. 11 application filed); *McCann v. Coleman*, (no case number given) 1990 WL 97860 at * 2 (Tenn. App. July 17, 1990).

However, teachers and other school personnel must conform to a standard of reasonable and ordinary care under the circumstances. *See Hawkins County v. Davis*, 216 Tenn. 262, 267, 391 S.W.2d 568, 660 (1965); *Murray v. Bryant*, No. 01A01-9704-CV-00146, 1997 WL 607518 at * 6 (Tenn. App. Oct. 3, 1997) (no Tenn.R.App.P. 11 application filed).   The standard of care for school teachers and administrators is that of a reasonable person in such a position acting under the same or similar circumstances. *Roberts*, 692 S.W.2d at 870.

As stated in *Cadorette*:

> Negligence can be established only upon a showing that the teacher's or supervisor's actions amounted to a deviation from what a reasonable and prudent person would do under the same or similar circumstances. *See Grace Provision Co. v. Dortch*, 350 S.W.2d 409, 413 (Tenn. App. 1961).  Simply stated, there is no liability for the results of an accident that could not have been foreseen by a

reasonably prudent person. *Brackman v. Adrian*, 472 S.W.2d 725, 739 (Tenn. App. 1971). However, an adult's standard of care toward children should be tempered by the recognition of children's impulsiveness and inexperience. *Roberts v. Robertson County Bd. Of Education*, 692 S.W.2d 863 (Tenn. App. 1985); citing *Townsley v. Yellow Cab Co.*, 237 S.W.58 (1922). We believe that Ms. Yeary owed Todd Cadorette, as well as all of her pupils, a duty to act reasonably under the circumstances. More specifically, in order for Ms. Yeary to discharge this duty she must instruct and supervise her students in a manner which recognizes their age and maturity.

*Cadorette*, 1996 WL 187586 at *2.

In *Cadorette*, an art teacher asked for a volunteer to stand upon a four foot high table and model for the class. A fifteen-year old ninth grade student volunteered, stood on the table for about ten minutes, and then fainted and fell, injuring his head. This court found that the teacher was not negligent since the accident and injury were not foreseeable, stating "with specific reference to the conduct of teachers, we do not impose upon them the duty to anticipate or foresee the hundreds of unexpected student acts that occur daily in our public schools." *Id*. at *3 (citing *Roberts*, 692 S.W.2d at 863).

In *King by King v. Kartanson*, 720 S.W.2d at 65, this court reversed a lower court's judgment finding two teachers negligent when they allowed a thirteen year old eighth grade student under their care on a field trip to cross a street unsupervised. The student had asked and obtained permission. Observing that a child's age and ability to look after his or her own safety is often the dominant factor in determining whether a duty exists in this type of situation, this court held that the teachers had no duty to personally escort the student across the street.

In *Cadorette*, *Kartanson,* and *McCann*, the teachers were aware of the activity the students were engaged in prior to their injuries, and in all three cases, this court found the teachers had not been negligent in their supervision. In the

case before us, however, the teacher was not even aware the students were tugging on the ruler. Plaintiffs assert this failure to observe the activity is the omission by which the teacher breached her duty to Ms. Nickelson.

In *Chudasama v. Metropolitan Government*, 914 S.W.2d 922 (Tenn. App. 1995), plaintiffs alleged that a gym teacher's action in letting seventh grade students go to their locker rooms fifteen minutes before class ended was negligent and resulted in one of the students being attacked in the unsupervised locker room. Because there was no evidence in the record of antagonism between the student attacked and her attackers, this court found, "It would place an unrealistic burden of foresight upon the teacher to conclude that he should have anticipated the events that occurred." *Chudasama* at 914 S.W.2d at 925; *see also Murray v. Bryant*, 1997 WL 607518 (Tenn. App. 1997) (neither teacher nor supervisor breached the standard of reasonable care because, under the facts presented, neither should have foreseen that a seventh grade student would bring a gun to school.)

Unlike the drill bit and drill press which injured a student in *Roberts v. Robertson Co. Bd. Of Educ.*, a metal meter stick, while obviously capable of inflicting injury as it did here, is not, in and of itself, a dangerous instrumentality and is used routinely in classrooms. The fact that the teacher saw the students with the ruler does not mean she should have foreseen the tugging and the subsequent injury. We find nothing in this record to suggest otherwise.

Plaintiffs assert that the classroom teacher was negligent in failing to observe and stop the tug-of-war behavior. Under Plaintiffs' theory, the teacher was required to continuously observe the seventh grade students as they came into her classroom and at all times they were therein. We do not agree that such

a duty exists, because, taken to its logical conclusion, it would preclude a teacher from performing any task which required his or her attention elsewhere, e.g., individual conferences with students, reading from a text, or writing on the blackboard.

Having found there was no duty, our inquiry ends. *Kartanson*, 720 S.W.2d at 69. We need not consider the other elements of negligence or the relative fault of the parties.

We affirm the trial court's grant of summary judgment to the Board of Education. This case is remanded to the trial court for whatever further proceedings may be necessary. Costs of this appeal are taxed to the appellant.

_____
PATRICIA J. COTTRELL, JUDGE

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M. S.

_____
WILLIAM B. CAIN, JUDGE