**CITY OF HOUSTON, Petitioner,**

v.

**EMMANUEL UNITED PENTECOSTAL CHURCH, INC., Respondent.**

No. B–1034.

Supreme Court of Texas.

Nov. 6, 1968.

Rehearing Denied Dec. 4, 1968.

William A. Olson, City. Atty., Joseph G. Rollins, Asst. City Atty., Houston, for petitioner.

Whitworth & Hoff, M. A. Whitworth, Houston, for respondent.

PER CURIAM

The Emmanuel United Pentecostal Church, Inc., the owner of two lots located in a subdivision known as Southmont Addition Annex No. 4, Harris County, Texas, sought from the City and its Director of the Department of Public Works, Houston, Texas, a permit to construct a church sanctuary on the said lots. The permit was denied upon the ground that to grant the permit would violate a restrictive covenant contained in a Deed of Dedication that all land in the subdivision must be used for residential purposes, etc. Thereupon, the Church filed this suit against the City and the Director in the 164th District Court of Harris County, Texas, under the provisions of Article 974a–2, Section 7, Vernon's Annotated Civil Statutes of Texas, which reads:

"An administrative refusal to issue a commercial permit on the grounds of violation of restrictions contained in a deed or other instrument shall be reviewable by a court of appropriate jurisdiction provided notice of filing of such suit is given the city department responsible for issuing commercial building permits within ninety (90) days. In the event of changed conditions within a subdivision or any other legally sufficient reason that restrictions should be modified a person refused a commercial building permit can petition a court of appropriate jurisdiction to alter the restrictions to better conform with present conditions."

In its petition, plaintiff asked the court to review the "administrative refusal" to issue a commercial permit, that the restrictions be modified as to Lots 10 and 11 in Block 3, and that the Director of Public Works be ordered to issue a commercial building permit to plaintiff for erection of the church. The trial court rendered

judgment modifying the restrictions with respect to Lots 10 and 11 in Block 3, "so as to permit the construction by plaintiff of a church building of not more that 3,390 square feet," and ordering the Director of Public Works to forthwith issue a commercial building permit to the plaintiff for the construction of such church. On appeal by the City of Houston, the court of civil appeals affirmed the judgment of the trial court. 429 S.W.2d 679.

Many serious questions, not raised or briefed by the parties, are suggested by Section 7, Article 974a–2, as applied to the record in this case. We list some of them. (1) Is the granting by the City of a permit to erect a commercial structure in an area restricted to single family residences binding on the lot owners in the area? (2) If so, may a commercial permit be validly granted without affording notice and an opportunity for a hearing to the lot owners at both the administrative and judicial levels? (3) Is an appeal of an administrative refusal to issue a commercial permit reviewable under the substantial evidence rule? (4) Are other lot owners in a restricted area conditionally necessary or indispensable parties to a suit to modify or alter restrictive covenants? (5) Is the judgment in the case modifying the restrictive covenants binding on the lot owners who were not made parties individually or as a class? (6) Does a judgment which purports only to modify restrictions "so as to permit the construction by plaintiff" of a particular structure, fulfill the statutory duty of the court to modify restrictions and alter restrictions to conform to changed and present conditions?

None of the foregoing questions being raised, none is decided, either expressly or by implication.

On the record before us, the judgment entered by the courts below is a correct judgment. Writ of error is refused, no reversible error.