Robert DISHONGH, Appellant,

v.

TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.

No. 4262.

Court of Civil Appeals of Texas.

Eastland.

Oct. 18, 1968.

Sallas, Griffith & Meriwether, Joe E. Griffith, Crockett, for appellant.

Edward E. Crowell, Jr., Dallas, for appellee.

WALTER, Justice.

Robert Dishongh filed suit against Texas Employers' Insurance Association for benefits under the Workmen's Compensation Act. The court rendered a summary judgment in favor of the insurance company and Mr. Dishongh has appealed.

Appellant contends the court erred in granting summary judgment because an issue of fact existed on the question of whether or not he had good cause for failure to file his claim within six months, as required by statute.

Appellant was injured on July 6, 1966, while welding on a pipe at the time a crane operator caused the cable from his boom to come in contact with an electric highline. This resulted in a shock to him that burned his back and body. He was taken by ambulance to a hospital where he stayed overnight. He was treated at the hospital for burns on his arms, back and legs. The next day he went home and was treated by Dr. Brown at Crockett.

The company paid appellant compensation for twelve weeks. He was still having pain in his arms and joints at the time the company stopped paying him compensation. Dr. Brown treated him until his burns healed and then dismissed him and told him he could not help him any more. At the time Dr. Brown released him, he was still having trouble with his joints. He did not return to work and has continued to have trouble with his joints. He had not worked since his accident at the time his deposition was taken on January 17, 1968.

Appellant's claim for compensation was not filed until April 13, 1967. His accident occurred on July 6, 1966. His claim was filed some nine months after his injury.

Appellee filed, in support of its motion for a summary judgment, certified copies of the Board's record of a claim of appellant in 1964 in which appellant timely filed his claim and appellant's deposition in this case.

Appellant filed his and his attorney's affidavit in opposition to the motion. His affidavit reveals that the company paid him 12 weeks of compensation; that during this period of time and through May 18, 1967, all of his medical expenses were paid by the insurance company; that May 18, 1967, was the last time he saw his treating physician and the charge incurred on that date was paid by the insurance company; that from time to time after his injury, he discussed the matter of settlement with the insurance company's adjuster; that the last conference with the insurance adjuster was a few days before he filed his claim with the Board; that at each conference the adjuster informed him that his company still owed him money and that a settlement would be made; that the adjuster treated him like a friend and he believed that the adjuster would see that he was protected and thought that he would receive a fair settlement; that the adjuster told him that all he had to do was be patient. "As time wore on, I decided to go into Crockett and talk to a lawyer. I still believe the insurance adjuster had been fair with me but wanted to inquire as to the necessary steps should a settlement not be made." He further set out that he thought he had signed all the necessary papers to insure his right to a claim for compensation. "When I saw Mr. Sallas he checked and discovered that no claim had ever been filed on my behalf. He notified me and with his assistance, I immediately filed my claim for compensation. I realize now that I made a mistake in not filing with the Industrial Accident Board within six months after the date of my injuries. I honestly believed however, that my rights had been protected by the insurance adjuster."

His attorney's affidavit reveals: "My firm represents Mr. Robert Dishongh in his claim for workmen's compensation arising out of injuries he received on July 6, 1966, while in the employment of Leston Watson Pile Driving. Mr. Dishongh first came to our offices regarding this matter in late June or early August of 1966. At that time

he inquired as to the action he should take if his claim was not settled within the near future. I immediately inquired as to the status of his claim before the Industrial Accident Board only to discover that no claim had ever been filed. Our office immediately proceeded to assist Mr. Dishongh in filing his claim."

■ Appellant was charged with the duty of prosecuting his claim with that degree of diligence which a reasonably prudent person would have exercised under the same or similar circumstances. Texas Casualty Insurance Company v. Beasley (Sup. Ct., 1965), 391 S.W.2d 33. Also from Beasley the court said:

"It is not enough to satisfy the statutory requirement to prove that good cause for failure to file existed during the six month period; an injured workman owes a duty of continuing diligence in the prosecution of his claim, and must prove that good cause for failure to file continued up to the date of filing."

The court in Beasley cites Petroleum Casualty Company v. Dean (1939), 132 Tex. 320, 122 S.W.2d 1053, and the court in Dean said:

"This testimony is too plain to require any construction or analysis. It simply is to the effect that the only reason this claim was not filed in time was because the Mississippi attorney did not know the law governing his client's rights and acted upon an erroneous assumption as to its requirements. This does not raise an issue of fact as to good cause. Had the claimant employed a Texas attorney, it would hardly be contended that his ignorance of the law would constitute good cause for his not timely filing the claim."

■ The record shows, as a matter of law, that appellant did not use that degree of diligence in filing his claim which a reasonably prudent person would have exercised under the same or similar circumstances.

The judgment is affirmed.