**The GARDEN OAKS BOARD OF TRUSTEES et al., Appellants,**

v.

**Walter P. GIBBS, Jr., Appellee.**

**No. 15975.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 26, 1972.

Rehearing Denied Dec. 21, 1972.

Crain, Winters, Houser & Deaton, James C. Winters, Houston, for appellants.

Presley E. Werlein, Jr., Houston, for appellee.

COLEMAN, Justice.

This is a restrictions case. After a trial to the court without a jury, judgment was entered requiring appellee to remove a fence constructed in his front yard, but refusing to require the removal of a carport constructed in violation of a building setback restriction. Findings of fact and conclusions of law were filed.

Appellants urge that there is no evidence to support the trial court's finding that ap-

pellants "knew or were charged with notice of the erection and the location of Defendant's carport in March or April, 1963, when it was first constructed and knew or were charged with notice of additions to said carport made by Defendant in 1964."

█ There is no direct evidence that appellants had actual knowledge of the erection and location of the carport. While all of them were residents of Garden Oaks, Section 2, this fact alone is not sufficient to charge them with notice of the construction of the carport in March or April, 1963. Melton v. Miller, 391 S.W.2d 568 (Tex.Civ.App.—Houston 1st 1965). This point is sustained.

By cross-point appellee contends that appellants failed to show a general plan or scheme of restriction governing the use of property located in Garden Oaks, Section 2. This contention is based on the premise that it is necessary to prove ownership in the person or entity placing the restrictions on the property, citing Baker v. Alford, 482 S.W.2d 908 (Tex.Civ.App.—Houston, 1st, 1972).

█ There is in evidence a copy of the restrictions, which recite that Garden Oaks Co., a Texas Corporation, is the owner of the land restricted, describing the land by metes and bounds. A certified copy of the plat of the subdivision, and the accompanying instrument dedicating the streets and easements, is in evidence. Again the statement that Garden Oaks Co. is the owner appears. Deeds executed by Garden Oaks Co., through its officers, conveying lots in the Subdivision to the plaintiffs and the defendant were introduced into evidence. There are findings by the trial court that the plaintiffs and the defendant are the owners of a lot or lots in the subdivision. These findings are not challenged. There is an unchallenged finding that "mention of said restrictions is contained" in defendant's chain of title. It is not necessary to prove title from the sovereignty. There is sufficient evidence of title in Garden Oaks

Co. to support the finding of the trial court.

█ Appellee also contends that the restrictions do not apply to a carport attached to a home. The restrictions provide a building set-back line for a residence. A carport attached to a residence is a part of the residence and is subject to the restriction. Dodson v. Dooley, 280 S.W.2d 758 (Tex.Civ.App.—Amarillo 1955, error ref., n. r. e.).

█ Finally appellee contends that the trial court erred in finding that the building line restrictions were not generally abandoned. He points to evidence of seven carport violations and three hedge or fence violations. The subdivision contains some one hundred eighty lots. This evidence is not so conclusive as to require a finding that the general plan for the subdivision has been violated to such an extent as to reasonably lead to the conclusion that it was abandoned. The contention cannot be sustained. Cowling v. Colligan, 158 Tex. 458, 312 S.W.2d 943 (1958); Rudy v. Southampton Civic Club, 271 S.W.2d 431 (Tex.Civ.App.—Waco 1954, error ref., n. r. e.); Barham v. Reames, 366 S.W.2d 257 (Tex.Civ.App.—Ft. Worth 1963).

The basis on which the judgment rests is explained by the court in the judgment. It contains this recital: ". . . the court being of the further opinion that the defendant's carport violates a restriction as to front property lines but that defendant has expended considerable money ($1,200.-00 approximately) in the erection of the carport and that plaintiff did not question its location for approximately three (3) years and did not file legal action for approximately three and one-half (3½) years after the construction of same, it would be inequitable to require the Defendant to now remove said carport, and Plaintiffs are estopped to raise the question of this particular restriction violation . . ."

█ The equity favoring the owner must be weighed against the equities favoring the

lot owners who desire to preserve the building set-back line. The disproportion between harm and benefit must be of considerable magnitude. The judgment cannot be supported by a balancing of equities. Cowling v. Colligan, 158 Tex. 458, 312 S. W.2d 943 (1958).

The facts found by the trial court do not support the conclusion that the plaintiffs are estopped to enforce the building set-back line. There is no finding that the plaintiffs knew of other similar violations, and there is no evidence that some of the plaintiffs knew of defendant's carport prior to the time it was completed. There is no finding that the defendant knew of the existence of other violations of the building set-back line, and relied on the plaintiffs' apparent acquiescence in such violations to his detriment. The trial court found that there had been no waiver or abandonment of the restrictions of Garden Oaks, Section 2, by or in behalf of the plaintiffs. The judgment of the trial court refusing to enforce the building line restriction is not supported by the doctrine of laches and the plaintiffs are not estopped to enforce the restrictions. Culver v. Pickens, 142 Tex. 87, 176 S.W.2d 167 (1943); Keene v. Reed, 340 S.W.2d 859 (Tex.Civ.App.—Waco 1960, writ ref.); Allen v. Winner, 389 S.W.2d 599 (Tex. Civ.App.—Houston, 1st, 1965, error ref., n. r. e.).

The judgment of the trial court is reversed insofar as it denied an injunction requiring a removal of the carport, and judgment is here rendered that Walter P. Gibbs, Jr., immediately remove the carport from its present location on Lot 10 and the adjacent west 20 feet of Lot 11, Block 27, Garden Oaks, Section 2, Houston, Harris County, Texas, and that Walter P. Gibbs, Jr., is hereby enjoined from erecting or maintaining a carport on said property nearer than fifty (50) feet from the front property line thereof. All costs are taxed against Walter P. Gibbs, Jr. In all other respects the judgment is affirmed.