Aline KEES et al., Appellants,

v.

MEDICAL DIRECTORS, INC., Appellee.

No. 17438.

Court of Civil Appeals of Texas, Houston (1st Dist.).

June 7, 1979.

Rehearing Denied July 5, 1979.

Jefferson & Maley, Michael A. Maness, Houston, for appellants.

Lieberman, Tratras & Markowitz, Murray L. Lieberman, Houston, for appellee.

Before COLEMAN, C. J., and PEDEN and DOYLE, JJ.

DOYLE, Justice.

This case involves an appeal from a temporary injunction to enforce the non-competition provisions of employment contracts between Aline Kees, Martha Jane Tucker, Mike Hutchins and Miles Anthony Joanen (appellants) and Medical Directors (appellee). From an order granting a temporary injunction against all of them, appellants have perfected this appeal claiming that the trial court abused its discretion in granting the injunction because there was no evidence of probable injury resulting from appellants' competitive activities and that there was no compliance with the specificity requirements of Rule 683, T.R.C.P. We agree.

The relevant facts are undisputed. All parties associated with this litigation are involved in various capacities in the weight reduction field.

Sometime between 1976 and 1978, all four appellants executed employment contracts with appellee and worked in one of appellee's clinics. Contained in each appellant's employment contract was the following clause which is the basis of this suit:

"that in the event of the termination of his/her employment with "Employers" for any reason whatsoever, he/she will not, for a period of five (5) years from the date of such termination (or for the maximum period provided by law, whichever is less) directly or indirectly enter the employ of or become interested or affiliated or connected, directly or indirectly, in any business in a county where

there is one of "Employers'" "Clinics" or within 100 miles of a county where there is one of "Employers'" "Clinics," which business is similar or of a like nature to the business of "Employers."

During 1978, Joanen and Hutchins terminated their employment with appellee; Kees was fired and it is disputed as to whether Tucker was fired or voluntarily terminated her job. Subsequently, all four appellants accepted positions with another weight reduction center known as Dia-Medic, Nurti-Medic or Weight Loss Centers.

Alleging that such employment violated appellants' contracts with it, appellee brought an injunction against Kees, Tucker, Joanen and later Hutchins, to prohibit them from attempting to solicit, diverting or taking away any customers, patients or employees of appellee whose identity appellants gained while in appellee's employ. Although appellants state that evidence adduced at a prior hearing was incorporated in the hearing before us by stipulation of counsel, the record is silent on that matter and appellee denies any such stipulation, thereby restricting this court's review to only the evidence elicited in the instant hearing.

Testimony at this hearing adduced the following facts: Kees, an LVN, stated she worked as a Licensed Vocational Nurse for appellee and now runs an electrocardiogram for her present employer. She did not operate this machine while employed by appellee. Tucker testified that her position with appellee included sales and management. She stated she has been employed in various weight reduction clinics for nine years or longer and that during this time her duties have all been essentially the same as when she worked for appellee. Testimony elicited from Hutchins showed he is an administrator with his present employer and served in this same position with appellee. Kees, Tucker and Hutchins did not testify at all as to any special training programs or "trade secrets" utilized by appellee.

Joanen testified that he was in an administrative position on a statewide level with appellee and that he is now in an administrative position on a citywide level with his present employer. He further testified that he has been in the health spa business for seven years and that prior to working for appellee he was employed by President's First Lady when it operated weight reduction centers. He did not testify as to any special training programs or procedures of appellee, but did state he helped design the program appellee used and this program has been used throughout the weight reduction industry. When asked if he took forms from appellee, he replied "the forms were provided me by the company I work for which use the same type forms that are used throughout the industry." He also testified that while both clinics had similar advertising, he did not approve or write any of the advertising. Further testimony showed that Joanen could recommend personnel to be hired by his new employer, but he could not hire anyone.

No testimony was introduced by any employee of appellee that they had been coerced, coaxed or induced in any manner by any of the appellants to leave appellee's employ. No testimony was introduced from any customer or patient of appellee that they had been approached by any of the appellants or that they had mistakenly gone to the wrong clinic. Finally, there was no testimony from any employee of appellee that appellants had any special training, or knowledge of any "trade secrets" familiar only to appellee.

Greg Vosler, testifying on behalf of appellee, stated appellants' present employer was located within "six blocks" of one of appellee's clinics and "four to seven miles" of another clinic. He further testified that appellee advertised on radio, TV, every newspaper and every local TV Guide and national magazine spending approximately $70,000 for advertising. Vosler did not specifically explain how, why or what competition had caused the increase in appellee's advertising budget.

Upon conclusion of this hearing, the temporary injunction was issued enjoining appellants from working for any competitor within a geographic location of 100 miles of appellee's clinics for a period of 2 years, or

when the case is decided on its merits, whichever occurs first.

Appellants bring two points of error, the first of which complains of the trial court's abuse of discretion in granting the temporary injunction. Appellants contend that the evidence wholly fails to establish either a probable right to enforcement of the covenant not to compete or probable injury resulting from Appellants' competitive activities.

As a general rule, to warrant the issuance of a temporary injunction, the applicant need only show probable right and probable injury; the applicant is not required to establish that he will prevail in litigation. *State v. Southwestern Bell Telephone Co.*, 526 S.W.2d 526 (Tex.1975); *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953).

The trial court is clothed with broad discretion in determining whether a temporary injunction should be issued, *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589 (1962); *Texas Foundries, Inc. v. International Moulders & Foundry Workers Union*, 151 Tex. 239, 248 S.W.2d 460 (1952), and its order should not be reversed unless an abuse of discretion is clearly demonstrated. *State v. Southwestern Bell Telephone Co.*, supra; *Transport Co. of Texas v. Robertson Transports*, supra; *MGJ Corporation v. City of Houston*, 544 S.W.2d 171 (Tex.Civ.App.—Houston 1st Dist. 1976, ref'd. n. r. e.).

In considering whether there has been an abuse of discretion by the trial court in the granting of a temporary injunction, this court is obliged to follow certain well-defined guidelines established by enlightened legal scholars and the decided cases. Thus, as in the case before us, where no findings of fact or conclusions of law were requested and none were filed, all questions of fact are presumed found in support of the judgment and the judgment must be affirmed if it can be upheld on any legal basis supported by the evidence. *Lassiter v. Bliss*, (Tex.1977) 559 S.W.2d 353; *Buchanan v. Byrd*, (Tex.1975) 519 S.W.2d 841; *Seaman v. Seaman*, (Tex.1968) 425 S.W.2d 339.

In reviewing the evidence by this standard, the only adduced testimony tending to show injury to appellee's business was Greg Vosler's explanation that appellee's advertising budget had increased by approximately $30,000 since 1978. By his admission, however, he explained this increase was because appellee wanted to "saturate the market." He did not claim it was because of any acts of appellants. The record does not show that such advertising harmed appellee's business in any way. Copies of ads distributed to local papers and magazines were introduced showing similarities between appellee's copy and that of appellant's employer. Appellee offers no evidence to show that these ads harmed or injured his business in any way.

In *Munzenrieder & Associates, Inc. v. Daigle*, 525 S.W.2d 288 (Tex.Civ.App.—Beaumont 1975, no writ) the court held:

Plaintiff also attempted to show that the defendants were using plaintiff's advertising techniques and methods which they learned and acquired from the plaintiff. But the use of plaintiff's methods which proves no threat to plaintiff is not sufficient grounds to uphold a covenant-not-to-compete.

No employees or customers of appellee testified that they were any manner approached or affected by appellants or their advertising.

Probable injury must be imminently threatened and may not be speculative or conjectural. *Bradford v. Cole*, 559 S.W.2d 122 (Tex.Civ.App.—Texarkana 1977, no writ).

A trial judge abuses his discretion if he issues a writ when the evidence fails to furnish any reasonable basis for concluding that the applicant has a probable right of recovery. *Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517 (1961). After carefully searching the evidence, we can find no reasonable basis for concluding that appellee has a probable right of recovery or that it would suffer probable injury resulting from appellant's alleged competitive activities. *Custom Drapery Company, Inc. v. Hardwick*, 531 S.W.2d 160 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ).

By their second point of error appellants point out the trial court erred in not setting out the specific reasons for the issuance of its temporary injunction as required by Rule 683. Appellee argues that since the court's order follows the language of the employment contracts' provisions sought to be enforced, compliance with Rule 683 is achieved. The Supreme Court of Texas and the courts of civil appeals have held that compliance with the specificity clause of Rule 683 is mandatory. *Transport Co. of Texas v. Robertson Transports*, supra; *State v. Cook United, Inc.*, 464 S.W.2d 105 (Tex.1971); *Southwestern Bell Telephone Company et al. v. Gravitt*, 522 S.W.2d 531 (Tex.Civ.App.—San Antonio 1975, no writ). The order granting the temporary injunction in the case before us clearly fails to " . . . describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; . . . " Further, the order sets forth no reasons or grounds as to why or how harm or injury would be suffered by appellee if the injunction sought were denied. We sustain appellants' second point of error.

The order granting the temporary injunction is reversed, and it is ordered that the same be dissolved.