Vincent MURPHY & Dale Murphy, Indv. & d/b/a Murphy Brothers

v.

TRIBUNE OIL CORPORATION & Aminex Corporation.

No. 2–83–039–CV.

Court of Appeals of Texas, Fort Worth.

July 7, 1983.

Rehearing Denied Sept. 8, 1983.

**588**

David Tate, Wichita Falls, for appellant.

Ross H. Hemphill, Dallas, for appellee.

Before HUGHES, JORDAN and SPUR-LOCK, JJ.

OPINION

JORDAN, Justice.

This is an appeal from an order temporarily enjoining appellants from interfering with appellees' access to certain mineral interests in land of which appellants are owners of the surface estate.

We reverse and order the injunction dissolved.

Tribune Oil Corporation and Aminex Corporation, plaintiffs below and hereinafter referred to as "appellees", filed a petition seeking damages and an injunction against appellants Vincent and Dale Murphy. The Murphys were named both individually and as "Murphy Brothers". The petition alleged that appellees are the successors in title to the mineral estate in portions of blocks 86, 87, 88 and 89 of the American Tribune New Colony Land Subdivision in Archer County. The petition further alleged that the Murphy Brothers, owners of the surface estate of the land in question, had denied and continue to deny appellees access to their mineral interest by virtue of the Murphy's harassment, threats and hostility toward appellees, their agents, employees, lessees and "farm-outees". This appeal stems from a hearing at which appellees obtained relief in the form of an injunction restraining the Murphys from denying appellees access to the mineral interests described in the petition pending trial of the cause.

The Murphys challenge the temporary injunction by seven points of error. In points of error one and two, appellants contend that the court erred in granting the injunction on the ground that there was no evidence or, in the alternative, insufficient evidence that appellees have title to or any other form of right in the mineral estate in question which would entitle appellees to the injunctive relief granted. In an attempt to prove their right of access to the minerals, appellees introduced a certified copy of a 1942 deed whereby one Luke W. McCrory, trustee for Wilson Properties, transferred the surface estate in the land in question to a Ralph DeShong, retaining the

mineral estate in the grantor. Thereafter, in the face of strenuous objections by counsel for the Murphys, the court allowed Mr. Ross Hemphill, attorney for appellees and Vice-President of appellee Aminex, to testify that he had studied the question of title to the minerals and that in his opinion appellees were the successors in interest to the mineral estate retained by McCrory as trustee for Wilson Properties in the deed to DeShong. We agree with the Murphys that this evidence fails to establish any rights in the property which would entitle appellees to the injunctive relief obtained against the Murphys.

In order to dissolve a temporary injunction, the appellate court must find an abuse of discretion. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978). When the evidence upon which the injunction is granted fails to furnish any reasonable basis for concluding that the applicant has a probable right of recovery, an abuse of discretion occurs. *Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517 (1961); *Kees v. Medical Directors, Inc.*, 583 S.W.2d 475 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). We conclude that the evidence brought forth by appellees fails to establish any rights on their part which would be protected by the issuance of the temporary injunction. It was incumbent upon appellees to offer evidence to prove that the protection sought is of a right belonging to appellees. *City of Port Arthur v. Mosely*, 586 S.W.2d 915 (Tex.Civ.App.—Beaumont 1979, no writ); *Millwrights Local Union No. 2484 v. Rust Engineering Co.*, 433 S.W.2d 683 (Tex.1968).

We hold that the testimony given by Mr. Hemphill in the form of expert opinion is no evidence of any right to the mineral interests claimed by appellees. Where title to real property is directly in issue, proof of title must be made by written instruments. *See Gillum v. Temple*, 546 S.W.2d 361 (Tex. Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.) and cases cited therein.

In this case no written documentation was offered to prove that appellees were successors in title to McCrory. The only evidence offered to prove that allegation was in the form of oral testimony. In a case such as this such testimony is not legally competent evidence. *Gillum, supra.* Appellees argue that unlike *Gillum,* which was trespass to try title case, the issue of title was not directly in issue in the case at hand and cites cases which hold that written documentation is not necessary to show title in cases where the issue of title is only collateral. We disagree with appellees' assertion that title is not a direct issue in this case. Appellees' pleadings alleged that their right to the minerals in question is due to their position as successors to the title held at one time by Luke McCrory. Appellees alleged no other basis for their right of access to the minerals nor did their evidence go to show that such alleged right of access was derived from any source other than by their ownership of title. Without proof of a property right by evidence of title or of some other interest to be protected, an injunction is improper. *McBride v. Aransas County*, 304 S.W.2d 450 (Tex.Civ.App.—Eastland 1957, writ ref'd n.r.e.). We sustain appellant's points of error one and two.

For the reasons stated above we dissolve the injunction. Having granted appellants the relief which they requested by sustaining their first two points of error, we preterit discussion of appellants' other points of error.

The order of the court granting appellees' prayer for injunctive relief and the temporary injunction is dissolved.