CITY OF HOUSTON, et al., Appellant,

v.

Gary A. JONES, et al., Appellee.

No. C14–83–375CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 7, 1984.

James K. Gardner, Senior Asst. City Atty., Bernardo S. Garza, Asst. City Atty., Houston, for appellant.

Ben Blum, Bailey, Blum & Lipper, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

MURPHY, Justice.

This is an appeal from a temporary injunction in a suit brought by Gary A. Jones and his business associate Norman A. Rund (appellees) seeking judicial review of the City of Houston's (appellant) issuance of a stop order on a commercial building permit pursuant to Article 974a–2, § 7, Tex.Rev.Civ.Stat.Ann. art. 974a–2, § 7 (Vernon Supp.1982–1983). Appellant cancelled appellees' building permit due to appellees' failure to file a certified copy of deed restrictions on the use of the property along with his application for the permit. Appellant determined that the permit is-

sued to appellees was void because the permit had not been acquired in full compliance with § 3(a) of Article 974a–2, Tex.Rev. Civ.Stat.Ann. art. 974a–2, § 3(a) (Vernon Supp.1982–1983). Appellees contend that the appellant's issuance of the stop order was arbitrary and capricious because the property in question had been used for commercial purposes for fourteen years prior to issuance of the permit. Trial was to the court which revoked the stop order issued in connection with appellees' building permit; reinstated the building permit; and temporarily enjoined the appellant from interfering with the construction.

Evidence adduced at the show cause hearing reveals that appellees purchased Lots 1, 2, 3, the west 45 feet of 4, 15 and 17, in Block 2 of the Gulfview Manor Subdivision on May 26, 1982. At the time of the purchase, Loadcraft Company, a subsidiary company of Allied Products, had been using the property for manufacturing, storing and selling low-boy trailers. William Stegin, Loadcraft's sales manager, testified that commercial buildings were standing on the property when the company made the purchase in 1977. During the five years Loadcraft owned the property, one commercial building permit was obtained and a shop building was constructed on Lots 3 and 4.

Jones testified that when he made the purchase from Allied Products he knew that there were deed restrictions which restricted the use of the property to single family residences. However, he made a business decision to purchase the property because he believed that the restriction affecting the property would not be enforceable.

On January 6, 1983, appellees obtained a commercial building permit from the City of Houston in order to construct a showroom on Lots 1, 2, 3, 4 and 15. It is undisputed that appellees failed to comply with Section 3(a) of Article 974a–2 when applying for the permit because they failed to file a copy of the restrictions with their application.

After the permit was issued, appellees discovered that the shop building constructed by Loadcraft was askew of the property line. Appellees then dismantled the shop building piece by piece, poured a slab on Lot 17 and commenced to re-erect the building on the slab. At the time of the issuance of the stop order, the structural steel of the shop building had been re-erected.

Appellant's first point of error contends that the trial court abused its discretion in granting the temporary injunction because the appellee failed to establish a probable right to recovery on the trial on the merits and probable injury if the writ was not granted. Specifically, appellant argues that the building permit issued by the Public Works Department was void upon issuance because the appellee failed to comply with Article 974a–2, § 3(a). We agree.

The applicable statute governing the issuance of a commercial building permit by the City of Houston is Article 974a–2, Tex. Rev.Civ.Stat.Ann. art. 974a–2 (Vernon Supp.1982–1983). The pertinent sections of that statute provide:

Sec. 3. (a) A person who desires a commercial building permit *shall file with his application a certified copy of any instrument which contains a restriction on the use of* or construction on *the property described in the application,* together with a certified copy of any amendment, judgment, or other documents affecting the use of the property.

Sec. 4. (c) A person who desires a commercial building permit for *property which is included in any* plot or *restrictions on file with the department is not required to file a copy of the* plat and *restrictions with his application.*

Sec. 5. (c) *Any* commercial *permit obtained without full compliance* with this Act is *void.* (Emphasis added).

■ The language in Sections 3(a), 4(c) and 5(c) is clear; in order to obtain a valid building permit from the City of Houston, an applicant must file a certified copy of any deed restrictions on the use of the property with his application, unless a copy of the restrictions are on file with the Public Works Department.

■ The burden of proof on a statutory exception rests on the party seeking to benefit from the exception. *Franklin v. Pietzsch,* 334 S.W.2d 214, 219 (Tex.Civ.App. —Dallas 1960, writ ref'd n.r.e.). In the case at bar, appellees seek the benefit of Section 4(c) and thus, the burden of proof was upon appellees to come within the exception of Article 947a–2, Sec. 4(c). Appellees failed to plead or prove that the deed restrictions were on file with the Public Works Department at the time they applied for the building permit. Accordingly, appellees failed to establish a probable right of recovery and a probable injury because the permit, void upon issuance, conferred no legal right on appellees to erect a commercial building on land restricted to residential use.

■ In order to dissolve a temporary injunction, the appellate court must find an abuse of discretion. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978). When the evidence upon which a temporary injunction is granted fails to furnish any reasonable basis for concluding that the applicant has a probable right to recovery and resulting injury, an abuse of discretion occurs. *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (1961); *Kees v. Medical Directors, Inc.,* 583 S.W.2d 475, 478 (Tex. Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). We conclude that the evidence brought forth by appellees fails to establish any right on their part, which would be protected by the issuance of the temporary injunction. It was incumbent upon appellees to establish the application of Article 974a–2, Section 4(c) in order to prove that the building permit issued by appellant created a vested legal right in favor of appellees. *See Murphy v. Tribune Oil Corp.,* 656 S.W.2d 587, 589 (Tex. App.—Fort Worth 1983, writ dism'd).

Appellant's first point of error is sustained.

For the reasons stated above, we dissolve the injunction. Having granted ap-

pellant the relief which it requested by sustaining its first point of error, we need not address the appellant's remaining point of error.

The order of the court granting appellees' prayer for injunctive relief is reversed and the temporary injunction is dissolved.

SEARS, Justice, dissenting.

I respectfully dissent.

The majority opinion deals with the validity of Appellant's "stop order," or in the alternative, the invalidity of the building permit Appellant issued to Appellees. However, this court's function is to review the trial court's issuance of an injunction to determine if there was an *abuse of discretion.*

The majority improperly places the burden of proof on Appellees to affirmatively establish the existence of a statutory exemption. It is my belief that the burden of proof should be upon the Appellant to show that Appellees have failed to comply with the requirements for the issuance of a building permit, and to do so, they must show that Appellees do not fall within any of the exemptions to the aforesaid requirements.

Appellees presented to the trial court below a building permit, valid on its face. In order to overcome the prima facie validity of the building permit, the burden of proof is necessarily upon the Appellant as the moving party. Appellant relies on TEX.REV.CIV.STAT.ANN. art. 974a–2 § 3(a) (Vernon Supp.1984), failure to file a copy of the deed restrictions with the request for building permit, in order to prove that the permit issued by the city was void pursuant to § 5(c). However, for Appellant to prevail and show that the issuance of the building permit was *void,* the Appellant would have to go further and show that Appellees failed to comply with § 4(c), providing that § 3(a) is not required when a person applies for a commercial building permit for property which is included in any other plot or restrictions on file with the department.

The majority opinion cites *Murphy v. Tribune Oil Corp.,* 656 S.W.2d 587 (Tex. App.—Fort Worth 1983, writ dism'd), for the proposition that Appellees had the burden to establish a right on their part which could be protected by the temporary injunction, and that the only way that right could be established was to prove a vested legal right in the building permit pursuant to § 4(c). The *Murphy* case is an appeal from a temporary order enjoining land owners from interfering with the appellees' access to the land. The appellees wholly failed to prove any right of entry on the land, therefore the injunction was dissolved. I do not find this dispositive of the case in question.

The burden of proof is not necessarily determined by which party happens to be in the position of plaintiff. It may be determined by placing the burden upon the party having the peculiar knowledge of the facts to be proved. *Dessommes v. Dessommes,* 505 S.W.2d 673 (Tex.Civ.App.—Dallas 1973, writ ref'd n.r.e.). In this case, certainly Appellant has that peculiar knowledge necessary for the court to determine if other applications for building permits filed with the city, on the property in question, contain a copy of the restrictions on the use of said property.

Further, in the event the burden of proof was properly placed upon the Appellees herein, it is my belief that the evidence was overwhelming in proving the allegations of Appellees, and in establishing their probable right of recovery. Appellees' original petition complained that the actions of Appellant, in issuing a stop order on the building permit, were arbitrary and capricious, and in violation of TEX.REV.CIV.STAT. ANN. art. 974a–2 § 7 (Vernon Supp.1984). The violation of this section is not discussed in the majority opinion; however, it is critical to the understanding of the reasoning and authority relied on by the trial court in issuing the injunctive orders.

Art. 974a–2 § 7 provides:

An administrative refusal to issue a commercial permit on the grounds of violation of restrictions contained in a deed or

other instrument shall be reviewable by court of appropriate jurisdiction provided notice of filing of such suit is given the city department responsible for issuing commercial building permits within ninety (90) days. In the event of changed conditions within a subdivision or any other legally sufficient reason that restrictions should be modified a person refused a commercial building permit can petition a court of appropriate jurisdiction to alter the restrictions to better conform with present conditions.

Appellees herein, in their amended original petition, alleged a violation of § 7 and asked for a modification or alteration of the restrictions as they applied to their land. In determining whether Appellees had a probable right of recovery, and/or a resulting injury, necessitating the issuance of a temporary injunction, the trial court was presented with the following evidence:

1) Commercial buildings existed on Appellees' lots since 1973.

2) Building permits were issued for commercial buildings to be built on Appellees' lots in 1977.

3) Appellants issued numerous construction permits for buildings in that same block.

4) The sub-division and the lots in particular were taxed as commercial property by the Appellants.

5) An adjoining property owner testified that she was in the business of manufacturing and storing boats and that she had commercial building permits issued for her property in 1971 and in 1973.

6) Neither Appellants nor surrounding land owners had ever taken any action whatsoever to prevent the construction of commercial buildings in this area of the sub-division.

7) Numerous buildings and lots in the sub-division had been used for commercial purposes since 1969.

8) Appellees discovered that a commercial building located on his property was askew of the property line, dis-mantled the building, and was in the process of rebuilding it when Appellant issued the stop order.

9) Photographs of buildings, adjacent property as well as surrounding property, including an area photograph of the sub-division were presented to the court showing the existence of almost exclusive commercial use of the property within the sub-division.

It appears that the function of the trial court, in considering the pleadings and the motions before it, was motivated by the overwhelming and uncontradicted proof that: (1) that the restrictive covenants had been waived by the surrounding property owners; (2) that the restrictions had been waived by the city; (3) that the actions of the city in putting a stop order on Appellees' building permit was arbitrary and capricious; (4) that Appellees had a probable right of recovery in a trial on the merits; and (5) that Appellees would suffer harm if they were not allowed to reconstruct the building that was originally placed askew of the property line.

A finding that Appellees failed to file a copy of the restrictions with the application for a building permit is in no way dispositive of this case. The majority wholly fails to show any abuse of discretion by the trial court in entering the injunctive orders. The majority opinion concludes by finding that Appellees failed to prove that the building permit created a vested legal right. However, the opinion fails to recognize the rights of Appellees as provided in art. 974a–2 § 7. The court of equity may be guided by many factors and rules of law in determining whether to enforce a residential-only restriction. It may refuse to enforce it because of the acquiescence of the surrounding property owners in substantial violations within the restrictive area so as to amount to abandonment of the covenant or of a waiver of the right to enforce it. *Cowling v. Colligan*, 158 Tex. 458, 312 S.W.2d 943 (1958); 12 TEX.JUR.3d *Covenants, Conditions and Restrictions* § 10 (1981). Further, the court may refuse to enforce such restrictions and covenants when there has been such a change of

conditions in the restricted area or the surrounding area that it is no longer possible to secure a substantial degree of the benefits sought to be realized through the covenant or restriction. *City of Houston v. Emmanuel United Pentecostal Church, Inc.*, 429 S.W.2d 679 (Tex.Civ.App.—Houston [14th Dist.]), writ ref'd n.r.e. per curiam, 433 S.W.2d 680 (Tex.1968). *See also Garden Oaks Board of Trustees v. Gibbs*, 489 S.W.2d 133 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.).

When the violations of a covenant or restriction are so open and obvious, and where they have existed for a long period of time, a reasonable man could and should conclude that the restrictions have been altered or modified, or in the alternative that their enforcement has been waived. *See New Jerusalem Baptist Church, Inc. v. City of Houston*, 598 S.W.2d 666 (Tex. Civ.App.—Houston [14th Dist.] 1980, no writ); *Garden Oaks Board of Trustees*, 489 S.W.2d at 134.

In conclusion, the trial court was correct in finding that Appellant acted arbitrarily and capriciously, that Appellees had a probable right of recovery in the trial on the merits on the case and that Appellees could and probably would be injured if the Appellant was not enjoined from interfering with the reconstruction of the building. The judgment of the trial court should have been affirmed.