# IN THE SUPREME COURT OF TEXAS

No. 14-0086

PHILADELPHIA INDEMNITY INSURANCE COMPANY, A/S/O MIRSAN, L.P., D/B/A
SIENNA RIDGE APARTMENTS, PETITIONER,

v.

CARMEN A. WHITE, RESPONDENT

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

JUSTICE BOYD, joined by JUSTICE WILLETT, JUSTICE LEHRMANN, and JUSTICE DEVINE, dissenting.

The outcome of this case simply depends on which party bore the burden to prove whether a tenant caused a fire in her apartment. The lease requires the tenant to repair all damage not caused by the landlord's "negligence or fault." The tenant contends the landlord cannot enforce that requirement because the Texas Property Code requires the landlord to repair the damage unless the tenant caused the fire and prohibits the landlord from contractually avoiding or waiving that duty. The Court agrees that the Property Code[1] would prohibit the landlord from enforcing the

---

[1] The Court actually holds that "public policy embodied in the Property Code" would preclude the landlord from enforcing the contract. *Ante* at ___. Although the difference may be subtle and does not affect the outcome in this case, I do not agree that "public policy" should govern our analysis. Because the Property Code expressly addresses the lease provisions at issue, the issue is whether the statute—as opposed to "public policy"—renders the lease agreement unenforceable.

We have often explained that "parties have the right to contract as they see fit as long as their agreement does not violate the law *or* public policy." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 129 (Tex. 2004) (emphasis added). And we have found certain types of contracts to be void as against public policy on several occasions. *See, e.g.*, *Zachry Constr. Corp. v. Port of Hous. Auth. of Harris Cty.*, 449 S.W.3d 98, 116 (Tex. 2014) (no-damages-for-delay provision); *Elbaor v. Smith*, 845 S.W.2d 240, 249–50 (Tex. 1992) (Mary Carter agreements); *Juliette Fowler*

lease provision if the tenant had obtained a jury finding that she did not cause the fire. *Ante* at ___.

I do not agree that the Code puts the burden on the tenant to prove that she did not cause the fire, and conclude instead that the landlord has the burden to prove that she did. Because the landlord did not get a jury finding that the tenant caused the fire, I agree with the court of appeals that the Code prohibits the landlord from enforcing the provision that requires the tenant to repair the damage. Because the Court holds otherwise, I respectfully dissent.

## I.
## The Lease

A fire that apparently started in a clothes dryer caused $83,000 in damages to Carmen White's apartment and others around hers. When White tried to plug in a new dryer that her parents had given her, the cord sparked and the breaker tripped. She contacted the landlord, whose

---

*Homes, Inc. v. Welch Assocs., Inc.*, 793 S.W.2d 660, 663 (Tex. 1990) (unreasonable covenant not to compete); *Ethyl Corp. v. Daniel Constr. Co.*, 725 S.W.2d 705, 708–09 (Tex. 1987) (contract not expressly requiring indemnification for one's own negligence); *Unigard Sec. Ins. Co. v. Schaefer*, 572 S.W.2d 303, 307 (Tex. 1978) (insurance contract excluding personal injury coverage); *Crowell v. Hous. Auth. of Dall.*, 495 S.W.2d 887, 889 (Tex. 1973) (lease provision exempting landlord from tort liability to tenants); *Hooks v. Bridgewater*, 229 S.W. 1114, 1118 (Tex. 1921) (contract to sell custody of child). But in all of these cases, no statute specifically prohibited the contractual agreement, so we found the contract unenforceable for public policy reasons.

Certainly, "it is by now axiomatic that legislative enactments generally establish public policy." *Royston, Rayzor, Vickery, & Williams, LLP v. Lopez*, 467 S.W.3d 494, 504 (Tex. 2015). And "the Legislature may impose reasonable restrictions on the freedom to contract consistent with public policy." *Marsh USA Inc. v. Cook*, 354 S.W.3d 764, 768 (Tex. 2011). But when the Legislature statutorily imposes such a restriction on the freedom of contract, the issue for the courts is whether the contract violates the statute, not whether it violates "public policy." *See id.* at 771 (addressing whether contract meets statutory "requirement for enforceability under the Act"); *see also Woolsey v. Panhandle Ref. Co.*, 116 S.W.2d 675, 678 (Tex. 1938) ("[A]n agreement which violates a valid statute is illegal and void.").

The Court identifies the issue here as "whether public policy embodied in the Texas Property Code precludes enforcement of a residential-lease provision," *ante* at ___, and concludes that it "cannot say the contract is unenforceable on public-policy grounds," *ante* at ___; *see also ante* at ___ (stating that the issue is "whether the agreement runs afoul of public policy embodied in the Property Code"). I believe we should decide whether the agreement violates the statute, and we need not engage in the less certain exercise of determining whether the agreement violates public policy as reflected in the statute.

employee later installed the dryer and plugged it in. White was using the dryer when the fire started, but no one seems to know what actually caused the fire to ignite.

White signed a lease in which she agreed to pay for any damages that result from "any cause not due to [the landlord's] negligence or fault." The jury was not asked whether the fire was "due to [the landlord's] negligence or fault." Since the jury did not find the landlord negligent or at fault, I agree with the Court that the lease's plain language requires White to reimburse the landlord for the damage.

But White contends that the lease is unenforceable. Undoubtedly, the agreement is enforceable under the common law. We "may neither rewrite the parties' contract nor add to its language," *Am. Mfrs. Mut. Ins. Co. v. Schaefer*, 124 S.W.3d 154, 162 (Tex. 2003), and we will construe its unambiguous language "as a matter of law and enforce it as written," *In re Deepwater Horizon,* 470 S.W.3d 452, 464 (Tex. 2015). White signed a lease agreeing to pay for all damages not caused by the landlord's negligence or fault, and the common law would hold her to that promise.

## II.
## The Code

The Legislature, however, has passed statutes that limit the circumstances in which a landlord can require a residential tenant to repair certain conditions. Specifically, the Property Code requires a landlord to repair any condition that "materially affects the physical health or safety of an ordinary tenant." TEX. PROP. CODE § 92.052(a). And the Code expressly provides that this duty "may not be waived." *Id.* § 92.006(c). Here, because the fire indisputably created a condition that affects physical health and safety, the Code requires the landlord to repair the damage despite the lease's language that would otherwise waive that duty.

3

Yet the Code provides an important exception: the landlord's unwaivable duty to repair conditions affecting health and safety does not apply to conditions "caused by" the tenant. *Id.* § 92.052(b).[2] Because this exception simply says "caused by" the tenant, as opposed to "intentionally" or "negligently" (or otherwise) caused by the tenant, the Court concludes, and I agree, that the exception "is not fault based." *Ante* at ___. So under the Code, the landlord has an unwaivable duty to repair any condition that affects a tenant's physical health and safety unless the tenant caused that condition, even if the tenant accidentally or innocently caused it. *Ante* at ___.

The jury charge only asked whether White negligently caused the fire, and the jury found that she did not. But that does not mean she did not cause the fire without negligence, and there was no jury finding on that issue.[3] The question of whether the exception for tenant-caused conditions applies to the landlord's otherwise unwaivable duty to repair thus depends on who had the burden to prove that White caused the fire. If White bore the burden to prove that she did not cause the fire, the Court correctly holds that the landlord has no duty here because White failed to get the necessary jury finding. But if the landlord had the burden to prove that White caused the fire, its failure to secure that jury finding renders the exception inapplicable and leaves the landlord

---

[2] This exception for tenant-caused conditions does not apply if the condition results from "normal wear and tear." TEX. PROP. CODE § 92.052. Since no one claims that the fire damage at issue here resulted from "normal wear and tear," this exception to the exception is not at issue.

[3] The Court suggests that the evidence establishes that White "overload[ed]" the dryer with materials that contained "cooking oils," contrary to the warnings in the dryer's instruction manual. *Ante* at ___. The jury, however, heard all this evidence and found that White did not negligently cause the fire. Perhaps, as the Court suggests, the jury believed White non-negligently caused the fire, but it is difficult to imagine how the jury could have concluded that White non-negligently caused the fire by overloading the dryer with items containing cooking oils contrary to the manual's instructions. In any event, for purposes of resolving the issue before us, it is enough to say that "no witness was able to explain how the fire inside the dryer drum started," *ante* at ___, and the jury was not asked whether White non-negligently caused the fire.

with the unwaivable duty to repair despite the lease's provision to the contrary. I disagree with the Court's conclusion that the Code places the burden on White to prove that she did not cause the fire.

### III.
### The Burden

Attempting to avoid her contractual obligation, White contends that the agreement violates the Property Code and thus is invalid and unenforceable. The Court asserts that "White carries the burden of pleading and proving the contract's invalidity as an affirmative defense." *Ante* at ___. I agree, but the issue here is not whether the contract violated the landlord's unwaivable duty, but whether the tenant-caused exception to that unwaivable duty applies.

The last time we addressed this statute, we agreed that the Code places the burden on the landlord to prove that the tenant-caused exception to the unwaivable duty applies. *See Churchill Forge, Inc. v. Brown*, 61 S.W.3d 368, 372 (Tex. 2001) ("Without showing that the damage was caused by the tenant, the landlord would otherwise have a duty to bear the cost of repair . . . ."). The Court dismisses today what was clear-cut to it then, saying, "Language we employed in *Churchill Forge* assumes the opposite but burden of proof was not at issue in that case." *Ante* at ___ n.10. I see no reason, however, why our reading of the statute should be different today. Dicta is not wrong just because it is dicta. As a simple matter of statutory construction, I believe the Court got it right in *Churchill Forge* and gets it wrong today.

### A.      Burden on the party who relies on the finding

The Court contends that its construction "properly places the burden of proof on the party claiming the existence of a duty." *Ante* at ___. More specifically, the Court concludes that the tenant must bear the burden of proving the contract's "invalidity" because that proof establishes

5

an affirmative defense to the landlord's contract claim. *Ante* at ___. I agree that the tenant bears the burden of proving the contract's invalidity as an affirmative defense, but the tenant meets that burden under the statute by proving that the landlord has an unwaivable duty to repair. TEX. PROP. CODE §§ 92.052(a), .006(c). Specifically, to avoid her contractual agreement to the contrary, White had to prove that (1) she properly gave the landlord notice of the condition, (2) she was not delinquent in rent payments when she gave the notice, and (3) the condition materially affects the physical health or safety of an ordinary tenant. *Id.* § 92.052(a).

If the tenant proves those facts, the landlord must repair the condition unless the tenant caused the condition. *Id.* § 92.052(a), (b). Section 92.052(a) describes all the facts that establish the landlord's duty, and section 92.052(b) applies only if an additional fact exists: the tenant (or her family, guest, or another lawful occupant) caused the condition. *Id.* § 92.052(b). Because the exception applies only when evidence proves "additional facts" beyond those that trigger the unwaivable duty, the exception is an affirmative defense to the landlord's unwaivable duty. *See Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 157 (Tex. 2015) (explaining that an affirmative defense or avoidance is a defense that "require[s] proof of . . . additional fact[s] to establish its applicability").

In this case, the tenant relies on the statutory unwaivable duty and the landlord relies on the tenant-caused exception to avoid the unwaivable duty. The fact that the tenant caused the condition is not an affirmative defense to the landlord's contract claim; because it is an "additional fact" that defeats the affirmative defense, it is an exception that provides a counter-defense to the tenant's affirmative defense. "[T]he burden of proving a statutory exception rests on the party seeking the benefit from the exception," not on the party seeking to avoid that benefit. *Better Bus.*

6

*Bureau of Metro. Dall., Inc. v. BH DFW, Inc.*, 402 S.W.3d 299, 309 (Tex. App.—Dallas 2013, pet. denied) (quoting *City of Houston v. Jones*, 679 S.W.2d 557, 559 (Tex. App.—Houston [14th Dist.] 1984, no writ)).[4] Here, because the landlord seeks the exception's benefit, it bore the burden to prove the "additional facts" necessary to trigger the exception.

We have repeatedly and consistently understood that the burden shifts to the plaintiff to establish an exception that provides a counter-defense to the defendant's affirmative defense. *See, e.g.*, *Dynegy, Inc. v. Yates*, 422 S.W.3d 638, 642–43 (Tex. 2013) (stating that burden shifted to plaintiff to establish an exception once defendant conclusively established statute of frauds affirmative defense); *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010) ("If the insurer proves that an exclusion applies, the burden shifts back to the insured to show that an exception to the exclusion brings the claim back within coverage."). Nothing in the Property Code suggests an alternative burden-shifting scheme than that found in any other context. Properly construed, the Code places the burden on the tenant to establish the landlord's unwaivable duty and then places the burden on the landlord to establish the tenant-caused exception to that duty.

## B.    Proof problems

The Court also asserts that placing the burden on the landlord to prove that the tenant caused the damage would result in "potentially insurmountable proof problems," because the

_____

[4] *See also Fed. Trade Comm'n v. Morton Salt Co.*, 334 U.S. 37, 44–45(1948) (applying "the general rule of statutory construction that the burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits"); *Eckman v. Centennial Sav. Bank*, 784 S.W.2d 672, 674–75 (Tex. 1990) (holding that defendant has the burden to plead and prove the applicability of statutory exception to business consumer status in DTPA claim "as an affirmative defense"); *Burk Royalty Co. v. Riley*, 475 S.W.2d 566, 568 (Tex. 1972) (holding that the initial burden to establish a homestead exemption is on the party claiming the exemption).

tenant "controls the leased premises and is, therefore, in the best position to . . . prove that another party is responsible for the damage." *Ante* at ___. I disagree. Here, for example, the evidence established that White acquired and used the dryer. But the landlord's employee is the one who actually installed it, and he did so after it sparked when White first tried to plug it in. Because White relied on the landlord to properly install the dryer, I conclude that the difficulty the landlord faces in proving that White caused the fire damage pales in comparison to the difficulty White would face proving that she did *not* cause the damage. We have consistently recognized that, "as a practical matter, 'proving a negative is always difficult and frequently impossible.'" *20801, Inc. v. Parker*, 249 S.W.3d 392, 397 (Tex. 2008) (quoting *State Farm Mut. Auto. Ins. Co. v. Matlock*, 462 S.W.2d 277, 278 (Tex. 1970)). Absent statutory language compelling the contrary, this Court does not require parties to disprove facts to prove their case. *Cf. Eckman*, 784 S.W.2d at 675 (concluding that requiring a DTPA claimant to plead and prove both that he is a consumer and that he does not fall into an exception for business consumer "is unduly prejudicial"). Nothing in section 92.052 obligates the tenant to prove a negative, so we should not require White to do so either.

### C.     Section 92.053(a)

Finally, turning to the statutory text, the Court asserts that Property Code section 92.053(a) "resolves the issue and plainly" requires its construction of section 92.052. *Ante* at ___. Section 92.053(a), however, places the burden on the tenant "in a judicial action *to enforce a right resulting from* the landlord's failure to repair or remedy a condition under Section 92.052." TEX. PROP. CODE § 92.053(a) (emphasis added). The Court's reliance on section 92.053 confuses the tenant's

"right[s] resulting from" the landlord's breach of its unwaivable duty with the existence of that duty in the first place.

Subsequent sections describe the tenant's rights when a landlord breaches its duty to repair a condition. Specifically, the tenant may terminate the lease; have someone repair the condition and deduct the repair cost from future rent payments; or get a court order requiring the landlord to repair the condition, reducing the amount of the tenant's rent, and awarding the tenant a civil penalty, damages, court costs, and attorney's fees. *Id.* §§ 92.056(e), .0561, .0563(a). White is seeking none of these rights. In fact, she is seeking no affirmative relief at all. She is only attempting to avoid a contract that the landlord seeks to enforce against her. Her reliance on section 92.052 is a defense to the contract, not a source of any remedy.

Further, even if she were trying to enforce these statutory remedies, the Property Code sets out explicit requirements for obtaining those remedies, and section 92.053(a) places the burden of proof for these requirements on the tenant. That is, to enforce the statutory remedies, the tenant must first give the landlord "notice to repair or remedy the condition"; the condition must "materially affect[] the physical health or safety of the ordinary tenant"; the tenant must give the landlord a reasonable time to make the repairs; the tenant must give the landlord a second notice if the landlord fails to make the repairs in a reasonable time (unless the tenant delivered the first notice in writing by a mail service that tracks the notice); the landlord must fail to make a diligent effort to make the repair; and the tenant must not be delinquent on rent payments when the notice was given. *Id.* § 92.056(b). By placing on the tenant the "burden of proof in a judicial action to enforce a right resulting from the landlord's *failure* to repair or remedy a condition under Section 92.052," section 92.053(a) requires the tenant to prove these conditions to obtain a judicial remedy.

9

*Id.* (emphasis added). But the judicial remedies presuppose the landlord's duty, and section 92.053 does not address the burden of establishing that duty in the first place.[5] I therefore do not agree that section 92.053 places the burden on the tenant to prove that an exception to the landlord's unwaivable duty does not apply.

## IV.
## Conclusion

Carmen White seeks to escape her agreement to pay for any damages her landlord did not cause. She relies on a statute that requires the landlord to repair any condition that affects physical health and safety and prohibits the landlord from waiving that duty. I agree with the Court that White had the burden to prove that statutory defense. But the landlord (or more accurately here, its insurer) relies on a statutory exception that eliminates the landlord's duty when the tenant caused the damage. I would hold that the burden shifts to the landlord to prove that exception to White's statutory defense. The Court merges these two steps into one and requires White to both prove the duty and disprove the exception. For the reasons explained, I cannot agree. The landlord's insurer did not meet its burden to obtain a finding that White caused the fire that created the condition that the landlord otherwise had an unwaivable duty to repair. I would, therefore,

---

[5] The Court also suggests that the later-enacted section 92.162 supports its construction. *Ante* at ___ n.11. But that section, which addresses the repair or replacement of a dead bolt, doorknob lock, sliding door handle latch, or other security device, explicitly puts the burden on the tenant to prove that she did not damage the device. TEX. PROP. CODE § 92.162(b). Section 92.052, by contrast, contains no such explicit provision placing the burden on the tenant to prove that she did not cause the condition that triggers the landlord's unwaivable duty. *Id.* Every word and provision excluded from a statute must be presumed to have been excluded for a purpose. *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981) ("Only when it is necessary to give effect to the clear legislative intent can we insert additional words or requirements into a statutory provision." (citing *Mauzy v. Legislative Redistricting Bd.*, 471 S.W.2d 570, 572 (Tex. 1971))); *see Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010) ("We presume the Legislature selected language in a statute with care and that every word or phrase was used with a purpose in mind."). Section 92.162, therefore, provides no support for the Court's construction. To the contrary, it shows that the Legislature knows how to place the burden on the tenant when it intends to, yet it did not in section 92.052.

affirm the court of appeals' determination that the statute places the duty to repair on the landlord rather than on White, despite their contractual agreement to the contrary. Because the Court holds otherwise, I respectfully dissent.

_____
Jeffrey S. Boyd
Justice

Opinion delivered: May 13, 2016